BROWN & CARMICHAEL, plaintiffs in error, *vs.* WAY & TAY-
LOR, defendants in error.

1. The signature of the Clerk of any Court, whence bail process *pendente
lite* may issue, is necessary to the validity of such process, and if not
appended before the process was issued, an order to discharge the bail
for that cause should, on motion, be allowed.

Motion to discharge bail, in Sumter Superior Court.    De-
cided by Judge ALLEN, at October Term, 1861.

This was an action brought by Way & Taylor against
Brown & Carmichael to recover the sum of $11,827 70,
alleged to be due by account.

The action was commenced on the 21st January, 1858, in
which bail was required by the plaintiffs.

In the writ Brown was described as a resident of Sumter
county, and Carmichael as a resident of Dougherty county.

Brown being absent, was not arrested under the bail pro-
cess, but was served by leaving a copy at his most notorious
place of abode.

Carmichael acknowledged service, and gave bail volun-
tarily.

Carmichael subsequently took steps to avail himself of the
benefit of the laws for the relief of insolvent debtors, and an
issue of fraud was made up upon his schedule, and the issue
continued by the plaintiffs.    His securities then surrendered
him in open court, and he was ordered into the custody of
the sheriff until he should give other bail, and in default
thereof, he should be committed to jail.    Subsequently he
was adjudged by the Court to be in no legal custody, and
was discharged, but upon what ground the record does not
disclose.

On the 22d of April, 1861, the plaintiffs sued out bail
process *pendente lite*, upon the affidavit of Taylor, one of the
plaintiffs, in which he deposes that the defendants are justly
due the plaintiffs " in a suit now pending in Sumter Supe-
rior Court, on appeal, the sum of eleven thousand eight hun-
dred and twenty-seven dollars and seventy cents, principal,

Brown & Carmichael *vs.* Way & Taylor.

besides interest, which is due and unpaid, and further, that deponent has good reason to apprehend the loss of said sum of money, or some part thereof, if the said defendants are not held to bail."

This affidavit was filed in the Clerk's office of Sumter Superior Court, and process issued thereon, but the Clerk failed to sign the process.

A second original and copy were sent to the county of Chatham, and Carmichael was arrested under it.

At the October Term, 1861, a motion was made to discharge the bail thus taken *pendente lite*, on the grounds :

1st. Because the affidavit was insufficient, in that it did not state that bail was not required at the commencement of the action, or being required, that it had been discharged.

2d. Because the record showed that bail was required at the commencement of the suit, and had not been discharged.

3d. Because the bail process *pendente lite* was not signed by the Clerk.

4th. Because the Act of 1856 repealed the law authorizing bail *pendente lite*, in cases where bail was required at the commencement of the suit.

The presiding Judge refused to discharge the bail, and that refusal is the error alleged.

N. H. SMITH, HALL, for plaintiffs in error.

POE and CLARK, representing SCARBOROUGH, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

It is unnecessary to consider any but the third ground upon which the motion to discharge the bail *pendente lite* was predicated, viz : "that the bail process *pendente lite*, was not signed by the Clerk."

Process is a mandatory precept, issuing from a Court. The mandate is set forth in the body of the instrument, which we call a process, and this may be printed, or written out by any scrivener, but it is the signature of the proper officer which gives it efficacy. From the instrument itself, the person to

whom it is addressed, or who is to be affected by it, learns what is required of him; from the official signature he learns that it emanates from a Court authorized so to command him. The mandate, without the authenticating signature, is no more "*process*" than would be the signature without the preceding mandate. This would seem sufficiently clear, and has been repeatedly held by this Court, regarding original process. By the Act authorizing bail *pendente lite*, the Clerk is the officer required to issue the process, and is, therefore, the proper officer to sign it. The record discloses the fact that the precept, which, with the Clerk's signature, would have been the bail process in this case, had no signature; there was therefore no bail process *pendente lite*, and for this reason the motion should have been sustained. It is suggested, *arguendo*, that as the defendant resided out of the county, there were probably a first and second original process, that the first original may not have been signed, and the second, under which the arrest was made, may have been signed, and that that would be sufficient. The answer is, we are governed by the transcript of the record.

Let the judgment be reversed.