## WILLIAMS *vs.* BUCHANAN & BROTHER.

Where a declaration in Sumter superior court prayed for process requiring the defendant to be and appear "at the next superior court of said county," and the original process required him to be and appear at the superior court to be held "in and for said county of Sumter on the second Monday in April next," but by mistake the copy-process required the defendant to appear at the superior court to be held "on the second Monday in December next;" and where it appeared that the process and copy-process

were dated December 28, 1883; that the next term of Sumter superior court was in April following, and that no term of court met in December, the service of this declaration and copy-process was sufficient to put the defendant on notice of the case, and if he took no action until after the rendition of judgment, this clerical defect would not be sufficient to cause it to be set aside; nor would it furnish a ground for an affidavit of illegality.

November 3, 1885.

Practice in Superior Court. Process. Service. Judgments. Before Judge FORT. Sumter Superior Court, April Adjourned Term, 1885.

Reported in the decision.

J. L. ALBRITTON, for plaintiff in error.

JAMES DODSON & SON, for defendants.

JACKSON, Chief Justice.

This is a motion to set aside a judgment and an affidavit of illegality to the execution issued thereon, both tried together on law and facts by his honor, Judge Fort, parties assenting. The motion was denied and the illegality dismissed, and error is assigned here on both judgments. Both questions turn on the same point.

By the original declaration, the defendant, the plaintiff in error here, is required by the prayer for process to appear " at the next superior court of said county," and by the original process attached to this declaration he is " hereby required personally or by attorney to be and appear at the superior court to be holden in and for the county of Sumter on the second Monday in April next," etc., and is dated the 28th of December, 1883.

In the copy served on the defendant, the declaration is an exact copy of the original, but the copy-process attached to it requires the appearance of the defendant on the second Monday in December next and is dated 28th of

December, 1883, and in other respects is exactly like the original process.

The point is, that the defendant was not notified to be at court on the second Monday in April, the day fixed by law for the spring term, but on the second Monday in December, which is the beginning of no term known to the law in the county of Sumter, for the meeting of the superior court thereof.

It is to be remarked, first, that the defendant is notified by the prayer for process in the copy-declaration served upon him " to be and appear at the next superior court of said county," and the law notified him that the next superior court would be held on the second Monday in April; and therefore when he looked at the copy-process, which the clerk annexed to the copy-declaration, he must have known that it was a clerical mistake of the clerk to require him to be and appear on the second Monday in December next. Secondly, he should have known of this mistake, because the superior court never convened on that day. No term of that court ever began on that day. Thirdly, he should have known of the mistake in the copy-process, because it was dated on the 28th of December, 1883, and two terms intervened between that date of the process and the second Monday in December next; and unless idiotic, he must have known that the man he owed, when he sued him, would not pass by two regular terms to require his appearance, and then require it at no term at all. Fourthly, if he had any defence to the suit brought on a promissory note given by himself, waiving all manner of homesteads and exemptions, he would surely have gone to the next term, the second Monday in April, and made inquiry about it; and if he did not then bestir himself, it is inconceivable that he would also let the trial term in October still find him asleep.

The truth must, therefore, have been, we remark fifthly, that the best and only possible defence he had, in his judgment, or that of his lawyer, if he consulted one, was

to rely on this misprision of the clerk, to lie back till after judgment at the October term, and then get time by an affidavit of illegality and motion to set aside. Courts of justice do not favor such tricks. When a man knows that he is sued, and is served with a copy of the declaration which tells him what he is sued for and in what court, it would be well for him to step to the clerk of that court and find out something about any little mistake in the process, and attend at the first term to take advantage of the mistake, if it would avail him, or have it corrected and put off a term, if the court so decided, especially would it be prudent not to delay action until after trial term, verdict, judgment and execution, and then set up the mistake of the clerk, which must have been known to him the moment he read the copy-declaration and process handed him by the sheriff, and called to mind the fact known to everybody in Sumter county that the superior court met in April and not in December.

The traverse of the sheriff's return is not considered, because, conceding that the copy-process was erroneous, it made no difference in the law of the case. The copy-declaration was right, and that with the term of court fixed by law gave notice of suit, in what court, and when to be answered.

Judgment affirmed.