LOWREY *v.* THE RICHMOND AND DANVILLE RAILROAD CO.

1. Where the petition was addressed to the city court of Atlanta and process was prayed returnable to that court, but the clerk of the superior court of Fulton county, who is also *ex officio* clerk of the city court of Atlanta, annexed a process to the declaration and to the copy which was served on the defendant, requiring it to appear at an impossible term of the superior court, bearing test in the name of the judge of the superior court and signed by the clerk of that court, the process was void.

2. As there was no process, there was nothing to amend.

October 21, 1889.

Service.    Process.    Amendment.    Before Judge VAN EPPS.    City court of Atlanta.    June term, 1889.

Reported in the decision.

E. H. Frazer and R. T. Dorsey, for plaintiff.

Jackson & Jackson, for defendant.

Blandford, Justice.

1. It is assigned as error in this record that the court erred in dismissing the plaintiff's action for the want of sufficient process, it appearing that the petition setting forth the plaintiff's cause of action was addressed to the city court of Atlanta, and that process was prayed returnable to that court, but that the clerk of the superior court of Fulton county, who is also *ex officio* clerk of the city court of Atlanta, annexed a process to the declaration and copy declaration which was served on the defendant, requiring the defendant to appear at an impossible term of the superior court, which process bore test in the name of the judge of the superior court and was signed by the clerk of the superior court.

The law requires the petition to be filed with the clerk of the court to which the same is directed, and also provides that the clerk shall issue a process thereto, bearing test in the name of the judge of that court and signed by such clerk. The petition in this case being addressed to the city court of Atlanta, and process being prayed from that court, none but the clerk of that court, with whom it was filed, could issue a process and annex the same to such petition. The superior court, or the clerk thereof, after the petition had been filed with the clerk of the city court, could issue no process in this case. It has been the universal practice for parties bringing suits such as this to pray process returnable to the court to which the petition is addressed. This is the form prescribed in the code, §§3389–96. The only authority which a clerk has to issue process is that the petition which constitutes the plaintiff's ac-

tion is filed in the court of which he is clerk; and the same must bear test in the name of the judge of that court. Code, §§3332–4. In this case the defendant was required to appear at the superior court to answer the petitioner's complaint. He might have appeared at that court, and having found no case there against him, he might have departed, and judgment might have been rendered in another court—the city court—against him, without any notice to him that there was any action pending against him in the latter court.

. While this was doubtless a mistake on the part of the clerk of the city court, yet if the same were allowed to pass unquestioned it might be the means of doing great injustice to parties. Verdicts and judgments might be rendered against persons who may not know that there is any cause of complaint in the court rendering the same against them. This, it would seem, was no process issuing from the proper court; and where such is the case the same is not amendable. Under section 3490 of the code, "void process, or where there is no process or waiver thereof, cannot be amended." It was held by this court in the case of *Brown & Carmichael* v. *Way & Taylor*, 33 *Ga.* 190, that process is a mandatory precept issuing from a court; and it was held in that case that where the clerk failed to affix his signature to the precept, the same was not a process. What court issued the process in this case? It is to be determined by the process itself. It was issued by the superior court, a court that had no jurisdiction in this case; so it must follow that the process issued in this case is no process.

2. The next error assigned is that the court refused to allow counsel for the plaintiff to amend the process. If there is no process, as we have held, there is nothing to amend.

So upon the whole the judgment of the court below ought to be. *Affirmed.*