### 575.   KELLY v. FUDGE.

To a suit filed in and addressed to a city court, with prayer to that court for process, there was attached process, tested in the name of the judge of that court and requiring the defendant to be and appear "at the next superior court" to be held on the date named by law for the next regular term of the city court. *Held*, that the process was not void, and was amendable by allowing the clerk to strike the words "superior court," where they appeared therein, and to insert the words "city court" in lieu thereof.

Trover, from city court of Miller county—Judge Bush. June 11, 1907.

Submitted October 29,—Decided October 31, 1907.

*P. D. Rich,* for plaintiff.    *W. I. Geer,* for defendant.

POWELL, J. This was a trover suit, brought by Kelly against Fudge. The suit was brought to and filed in the city court of Miller county, to which court process was prayed. Process was annexed, requiring the defendant "to be and appear at the next

Superior Court to be held in and for said county on the 2nd Monday in June next. . . Witness the Hon. C. C. Bush, Judge said Court." At the time required in the process, the defendant appeared in the city court, and there filed his written demurrer and motion to dismiss the case "because petition is addressed to the city court, and the process is to superior court." The judge held that this motion was good; but before the petition was dismissed, the plaintiff asked leave to allow the clerk, who was then present, to amend the process by inserting the words "city court," wherever the words "superior court" appeared. This amendment the court refused to allow, and dismissed the suit "because there is no process attached to same."

1. The process was not void. Civil Code, §4994. The defendant had notice of the pendency of the suit. He was notified, by the summons, to be and appear at court on the second Monday in June. The law informed him that the Hon. C. C. Bush was judge of the city court of Miller county, and not of the superior court of that county. He was also thus notified that no regular term of the superior court convened in that county on the date above stated; also that the city court did. At the appointed time he was present to make his defense. See *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446), in which many cases are cited in support of the proposition herein announced.

2. As the process was not void, the amendment should have been allowed. Civil Code, §4047; *Richmond & Danville R. Co.* v. *Benson,* supra. This case is distinguishable from that of *Lowrey* v. *Richmond & Danville R. Co.,* 83 *Ga.* 504 (10 S. E. 123), for the reason that in the *Lowrey* case the process not only required the defendant to appear at the superior court, but bore test in the name of the judge of that court, in direct violation of the Civil Code, §4974, while in this case the process bears test in the name of the proper judge.

The defendant, in his brief in this court, attempts to attack the process for a reason additional to that herein determined. The record, however, showing clearly that this question was not presented to or passed on by the lower court, it is not properly here for adjudication.          *Judgment reversed.*