### 1409.  COX v. ADAMS & COMPANY.

1. A parent who has not released his right to the earnings of his minor children may maintain a laborer's lien in his own name and right for their labor; and may in a single foreclosure prosecute for their wages and his own, if all the wages are due by the same person, firm, or corporation.  *McElmurray* v. *Turner,* 86 *Ga.* 215 (12 S. E. 359).

2. The defendant may simultaneously file demurrer, answer, dilatory pleas, and pleas to the merits, without thereby waiving any of them. Civil Code, § 5047; *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *W. & A. R. Co.* v. *Pitts,* 79 *Ga.* 532 (4 S. E. 921).  But if the defendant pleads to the merits without protestation as to the jurisdiction, or without simultaneously pleading as to it, jurisdiction of the person is waived and a plea to the jurisdiction should not thereafter be considered.  Civil Code, § 5080; *Bell* v. *New Orleans & N. E. R. Co.,* 2 *Ga. App.* 820 (59 S. E. 102).

Certiorari, from Morgan superior court—Judge Lewis.  September 12, 1908.

Argued November 27,—Decided December 8, 1908.

On March 14 Cox sued out a laborer's lien against Adams & Company, for the labor of himself and two minor sons; and the suit was made returnable to the April term of a certain justice's court in Morgan county.  It was levied on April 1.  The defend-

ants then filed a counter-affidavit denying indebtedness, also demurrers, general and special. Subsequently, at the trial term of the court, they moved to dismiss the foreclosure, on the ground that the father could not maintain a lien for his minor sons' wages and that he had improperly joined a claim for their wages in the same foreclosure with a claim for his own. The justice overruled the objection. The defendant, after having pleaded to the merits, offered, at the trial, a plea to the jurisdiction, alleging that both the defendants resided in Fulton county. The justice rejected the plea, on the ground that the right to question the jurisdiction had been waived. The evidence as to the plaintiff's right to recover was conflicting, but the jury found in his favor. The defendants carried the case to the superior court by certiorari. In that court the judge disposed of the case by the following order: "Upon hearing the within certiorari it is sustained and the case remanded for a new hearing, upon the ground that the court erred in not allowing the defendant to plead to the jurisdiction of the court." The plaintiff excepts to this order.

M. C. Few, for plaintiff.  H. W. Dent, for defendant.

POWELL, J. (After stating the foregoing facts.)

The headnotes cover the points of law involved. It appears from the order of the judge of the superior court that he has not reviewed the facts, as he has the legal right and duty to do. He was in error in remanding the case on the ground assigned in the order. His judgment is therefore reversed, with direction that he pass upon the facts; and if he approves the verdict of the jury as a finding of fact, that the certiorari be dismissed, otherwise that he sustain the certiorari and grant a new trial before another jury in the justice's court.          *Judgment reversed, with direction.*