2470.   DENTON *v.* McMILLAN.

Suit was brought against a firm and the individual members composing the firm.   In the petition the firm's name was correctly stated, as well as the names of the individual members, one of whom was J. M. Denton; and service was effected upon this defendant.   The process contained the name of J. H. Denton, instead of J. M. Denton, as one of

the *individual defendants.* The *judgment* followed the *process in this* respect, but the execution issued thereon stated the correct initial. *Held,* that the clerical misnomer did not invalidate the process or judgment, and was amendable.

DECIDED JULY 19, 1910.

Affidavit of illegality; from city court of Hazlehurst—Judge Bennett. January 11, 1910.

McMillan brought suit against Denton, Pittman & Co., a firm composed of J. M. Denton, W. R. Pittman, and J. D. Pittman, and against the individual members named. Process was directed to the firm and the individual members, except that it gave one of the names as J. H. Denton, instead of J. M. Denton. Personal service was made upon J. M. Denton. No defense was filed, and judgment was rendered against the firm and the individuals as named in the process. On this judgment an execution was issued against Denton, Pittman & Co., and J. M. Denton, W. R. Pittman, and J. D. Pittman, and was levied on certain land described as the property of J. M. Denton. J. M. Denton filed an affidavit of illegality, on the ground that there was no process against him, and no valid judgment against him, because of the above-mentioned misnomer in the process and judgment. On the trial of the illegality the affiant testified, that his correct name was J. M. Denton; that he had never been known as J. H. Denton; that he was the member of the firm of Denton, Pittman & Co. who had been sued and personally served with the process. The plaintiff in execution, at the conclusion of the evidence, presented to the court a written motion to reform and amend the judgment by inserting therein the correct initial of the middle name of the defendant Denton. Denton demurred to the motion. The court overruled the demurrer and allowed the amendment, and Denton excepted. The judge without a jury found against the affidavit of illegality, and the affiant excepted.

*King & Dell, W. W. Bennett,* for plaintiff in error.

*Price & Grant,* contra.

HILL, C. J. The court properly allowed the amendment of the judgment. It was clearly a mere clerical error and amendable. Even without the amendment the process and judgment were valid. The law does not regard the middle name or initial of the middle name as material, unless there are two persons of the same name. *Kelly* v. *Fudge,* 2 *Ga. App.* 759 (59 S. E. 19); *Hicks* v. *Riley,*

83.*Ga.* 332 (9 S. E. 771). . Here the defendant removed all doubt of any mistake as to the identity of the person who was sued as a member of the firm of Denton, Pittman & Co., by stating that he was the member of the firm and he had been served personally with process.   He had no doubt that he was the person sued, and must have regarded the incorrect giving of the initial of his middle name as a simple clerical error.   In addition to his knowledge, he was so informed by the copy of the petition served on him.   The misnomer did not mislead him, deprived him of no right, and resulted in no possible injury to him.       *Judgment affirmed.*