4875, 4921.  DRAKE *v.* LEWIS; and *vice versa.*

1. The giving of a replevy bond does not preclude a defendant in attachment from objecting to the jurisdiction of the court over his person. Appearance and pleading to the merits amount to a waiver of the want of jurisdiction; but as defenses in attachment cases may be made at any time before final judgment, a motion to dismiss a declaration in attachment because of a failure to allege jurisdiction of the defendant should not be overruled on the ground that the motion was not filed at the appearance term, or that it was filed simultaneously with a plea to the merits.  The failure of a petition to show jurisdiction of the person is an amendable defect, but in attachment cases such a defect

may be taken advantage of by motion made at the trial term, and, unless cured by amendment, the declaration should be dismissed.

2. Under the practice in this State, all of a defendant's pleadings may be filed simultaneously, and, when so filed, should be disposed of in logical order. A defendant does not waive a plea to the jurisdiction by filing simultaneously therewith a plea to the merits, either upon the same or upon a separate paper. If upon the same paper, it is immaterial which plea is first in sequence if the defendant first presents and insists upon a disposition of the plea to the jurisdiction.

3. The pendency of an attachment proceeding upon which no declaration was filed at the first term will not abate a second attachment between the same parties, under which the same property was seized and upon which a declaration was duly filed.

4. A city court can not entertain a plea attempting to set off a claim arising ex delicto against a suit arising ex contractu.

DECIDED AUGUST 25, 1913.

Attachment; from city court of Blakely — Judge Sheffield. March 29, 1913.

*W. I. Geer, B. W. Fortson,* for Drake. *Glessner & Park,* contra.

POTTLE, J. On November 13, 1912, an attachment was sued out by Lewis against Drake. The ground of attachment was not set forth in the affidavit, but in all other respects the proceedings were regular. Bond was given and the attachment was issued and made returnable to the January term of the city court of Blakely. Apparently upon the assumption that the attachment was void, Lewis, on November 28, 1912, sued out another attachment, upon the ground that Drake was causing his property to be moved beyond the limits of the State, and caused a levy to be made upon the same property that had been seized by the sheriff under the first attachment. Drake gave bond and replevied the property. While the first attachment was pending, declaration upon the second attachment was filed to the return term on January 11, 1913, alleging an indebtedness upon a promissory note. On December 16, 1912, prior to the filing of the declaration, Drake filed a plea consisting of two paragraphs. In the first paragraph it was averred that the second attachment should be abated and dismissed because of the pendency of the first proceeding. The second paragraph contained a plea to the jurisdiction of the court, it being averred that when the attachment issued, Drake was a resident of Decatur county. On February 24 Drake filed another plea to the jurisdiction, and at the same time moved to dismiss the declaration because it failed to allege the residence of the defendant. On the

same day, and subject to the motion to dismiss, the defendant filed a plea denying indebtedness and averring that the consideration of the note had failed by reason of certain facts alleged in the plea. The court overruled the motion to dismiss the declaration, struck the plea to the jurisdiction and the plea of former suit pending, and overruled a demurrer to the plea to the merits of the action. The trial resulted in a verdict for the plaintiff, and the defendant's motion for a new trial was overruled. He has excepted to the several judgments adverse to him, and the plaintiff by cross-bill complains of the refusal to strike the plea to the merits.

1. The correctness of the action of the court in overruling the motion to dismiss the declaration and in striking the plea to the jurisdiction depends upon whether the defendant had in any way waived his right to object to the jurisdiction of the court. Giving the replevy bond did not amount to a waiver. *Cincinnati &c. Ry. Co.* v. *Pless,* 3 *Ga. App.* 400, 409 (60 S. E. 8). Appearance and pleading to the merits is a waiver, and if counsel for Lewis is correct in his contention that the filing of the first plea submitted the defendant to the jurisdiction of the court, the court was right in striking the plea to the jurisdiction and overruling the motion to dismiss the declaration. If this premise is wrong, then both of these rulings were erroneous. Defenses in attachment cases may be made at any time before final judgment. Civil Code, § 5104. It was not too late at the trial term to object to the petition because of failure to show jurisdiction of the defendant; for while this defect was amendable (Civil Code, § 5691), the defendant was not precluded from attacking the petition on this ground, unless he had previously appeared and pleaded to the merits. *Hall* v. *Mobley,* 13 *Ga.* 318. The motion to dismiss having been filed simultaneously with the so-called plea of failure of consideration, the filing of this plea did not preclude a consideration of the motion, and *Richmond & Danville Railroad Co.* v. *Mitchell,* 95 *Ga.* 78 (22 S. E. 124), has no application.

2. The correctness of the court's rulings upon the question of jurisdiction turns, therefore, upon whether the filing of the first plea amounted to a waiver of the defendant's right to object to the jurisdiction. The plea is rather anomalous, in that before challenging the jurisdiction of the court, the defendant urged that the attachment proceeding should be abated because of the pendency of a

former attachment. Counsel for Lewis is doubtless correct in assuming that a plea of former suit pending is such a plea that the filing thereof without a protestation would have the effect of submitting the defendant to the jurisdiction of the court, but we can not agree with them in the further contention that the defendant waived his right to have his plea to the jurisdiction determined merely because it followed, instead of preceding, the paragraph of the plea setting up the pendency of the first attachment. The strict rules of common-law pleading do not prevail in this State. It is common practice to file special demurrers, going merely to form, simultaneously with a general demurrer attacking the substance of a pleading, and no one would now contend that so doing would be a waiver of the right to insist upon the special demurrers. A petition may be attacked at the same time both in form and substance, either in the same demurrer or in a separate pleading. When this is done, the correct practice is to have the pleading first perfected in form, and then determine the question of its sufficiency in substance. And so where a defendant files simultaneously a plea to the jurisdiction and a plea to the merits, even though the latter does not contain an express protestation, the plea to the jurisdiction should be considered and disposed of. The filing of such a plea simultaneously with the plea to the merits is itself a protestation against the jurisdiction of the court, and the plea to the merits must be treated as having been interposed subject to this protestation. Nor does it make any difference that the two pleas are in the same paper, nor which of them precedes the other. The logical order, of course, would be to set forth the objection to the jurisdiction first; but this is immaterial if at the trial the defendant presents and insists upon a disposition of the objection to the jurisdiction before insisting upon the other plea. Any other rule would be too technical and out of harmony with the liberality of pleading prevailing in this State. "Pleading to the merits, *without more,* is a waiver of jurisdiction." *Bunting* v. *Hutchinson,* 5 *Ga. App.* 194 (63 S. E. 49). But pleading to the merits at the same time with a plea to the jurisdiction is not. *Cox* v. *Adams,* 5 *Ga. App.* 296 (63 S. E. 60); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593); Civil Code, § 5664. The court erred in striking the plea to the jurisdiction; and, no offer to amend the declaration having been made, the motion to dismiss it should have been sustained.

3.   It was not erroneous to strike the plea of former suit pending. While the first attachment was not void on its face (*Penn* v. *Mc-Ghee,* 6 *Ga. App.* 631, 65 S. E. 686), yet as no declaration on it was filed and the proceeding was in rem, it was not such a suit as would abate the second attachment and the declaration filed thereon. *Weston* v. *Beverly,* 10 *Ga. App.* 261 (73 S. E. 404) ; *Lane* v. *Brinson,* 12 *Ga. App.* 760 (78 S. E. 725).

4.   Since the case must be tried again, it becomes necessary to dispose of the question raised by the cross-bill.   The suit was upon a promissory note.   The defendant pleaded that the note was given for the balance due on the purchase-price of certain timber, suitable for manufacture into cross-ties of specified dimensions; that the plaintiff refused to permit the defendant to cut and remove the timber, and has taken possession thereof and ousted the defendant; that the plaintiff has converted to his own use 600 cross-ties cut from the timber and lying on the land; that the defendant "has already paid to plaintiff balance said purchase-money, and that he has not cut and removed from said land enough cross-ties to pay him for the amount of cash that he has already paid to plaintiff; that there has been a total failure of consideration of said note." The plaintiff demurred to the plea, upon the ground that it attempted to set off a claim arising ex delicto against a cause of action arising ex contractu, and that the city court was without jurisdiction to entertain such a plea.   The demurrer was well taken and should have been sustained.   The facts pleaded do not show a failure of consideration, but show merely an actionable tort consisting of an unlawful interference with the defendant's right to cut the timber, and a wrongful conversion of cross-ties cut from the timber.   Such a defense is forbidden by our code except in a court having equitable jurisdiction, and then is allowed only on equitable grounds, such as insolvency or non-residence.   Civil Code, § 5521; *McLendon* v. *Finch,* 2 *Ga. App.* 421 (58 S. E. 690) ; *Hecht* v. *Snook,* 114 *Ga.* 921 (41 S. E. 74).   The rulings above announced render unnecessary a determination of the motion for a new trial.

*Judgment on both bills of exceptions reversed.*