14723. UNION MARINE FIRE INSURANCE COMPANY *v.* McDERMOTT, for use, etc.

"Where a petition setting out a cause of action has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of its filing. But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending. The filing of the petition without more does not operate to commence a suit; nor has the judge in such a case authority, at or after the return term, to order a new process to issue." While there was a so-called process in the instant case, it was void; and, applying this ruling, the court erred in not sustaining the general demurrer and dismissing the petition.

DECIDED FEBRUARY 25, 1924. REHEARING DENIED MARCH 1, 1924.

Action on insurance policy; from Floyd superior court—Judge Wright. May 18, 1923.

McDermott, for the use of Watkins, filed a suit in the superior court of Floyd county against the Union Marine Fire Insurance Company upon a policy of fire insurance. The policy was issued on October 25, 1920, on which date, it is alleged, the defendant had an

office and agent in Floyd county, where the policy was written, but it is further alleged that "before the filing of this petition said office of said defendant has been discontinued, and now said defendant has no agent or place of doing business in said county," and that the defendant is a nonresident insurance company. The policy contained the following clause: "No suit or action upon this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity . . unless commenced within twelve months next after the happening of the loss." It is further alleged that the property covered by the policy was destroyed by fire on February 18, 1921, in Floyd county. The suit was filed on November 17, 1921, returnable to the January term, 1922, and on the same date process was attached and issued by the clerk, directed to the sheriff of Floyd county. On the same date an entry was made upon the petition by a deputy sheriff of Floyd county, reciting that service had been made by leaving a copy "at the place [specifically designated in the entry] where was located the agency or place of doing business of said Union Marine Fire Insurance Company, Ltd., on the 25th day of October, 1920," this being the date on which the policy was written. On February 25, 1922, the defendant made a special appearance for the purpose of attacking this entry, which was done by a motion to which the sheriff and his deputy were made parties. It was alleged in the motion that the return of service was void and of no effect, for the reason that it does not recite or show that the petition and process were served or attempted to be served upon the defendant, and because that part of section 2564 of the Civil Code of Georgia of 1910, under which the service was attempted to be made, is void and unconstitutional, as was held by the Supreme Court in *Jefferson Fire Insurance Co.* v. *Brackin,* 140 *Ga.* 637. It does not appear that any action was ever taken by the court upon this motion, but on March 4, 1922, the plaintiff amended his petition by alleging that "the defendant company, a foreign insurance company, has a duly appointed and authorized named person, to wit: C. D. Martin, of Atlanta, Georgia, a resident of Fulton, county, Georgia, to acknowledge or receive service of process and upon whom process may be served in suits against said defendant company." In this amendment the plaintiff prayed for the issuance of a second original, with process thereon directed to the sheriff of Fulton county, and that the same should be served upon C. D. Mar-

tin, the defendant's agent for that purpose. On March 4, 1922, the amendment was allowed and an order was passed making the following April term the appearance term and directing that service be made as prayed. This order was complied with and service was perfected upon the defendant thereunder for the April term, 1922.

The defendant appeared at this term and demurred to the petition upon the following grounds, among others: "(1) That plaintiff's petition does not set forth any cause of action against this defendant. (2) That plaintiff's petition shows that suit on said policy was not commenced within twelve months next after the happening of the loss, as provided by said policy, and is therefore barred. (3) That plaintiff's petition shows that there was no authority in this court to pass order making petition returnable to a subsequent term. (4) That plaintiff's petition shows that said suit is void, not maintainable and of no effect." Also: "That the original petition filed in this cause shows by its terms that there was no person residing within the county of Floyd upon whom process could be served, for which reason the process that was issued by the clerk, directed to the sheriff of Floyd county, was therefore of no effect and void, and there was no legal process attached to said original petition, for which reason no suit has been legally brought and none was pending on March 4, 1922, at the time plaintiff attempted to amend his petition and procured an order of the court thereon. For which reason defendant prays that said proceeding be held void and of no effect and be dismissed from the docket. At the time plaintiff filed his amendment, on which the court passed an order, to wit: on March 4, 1922, the original process issued on the original petition was functus officio, service not having been perfected prior to the term of court to which the suit was returnable. The suit was therefore no longer pending, and there was no proceeding in court in which the court had the power to grant such an order as was attempted to be granted on March 4, 1922. Further, defendant says at the time of allowing said amendment and the granting of said order on March 4, 1922, the time in which plaintiff was authorized to bring suit under the terms of the policy had expired. For which reason defendant prays that said proceeding be held void and of no force and effect and be dismsised from the docket." The demurrer was overruled, and to this judgment the defendant excepted.

*Tye, Peeples & Tye, L. A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.

BELL, J. (After stating the foregoing facts.) That part of section 2564 of the Civil Code which provides that in an action of the character referred to service may be perfected upon the insurance company by leaving a copy of the petition or writ where the agency or place of doing business was located in the county at the time the cause of action accrued, or the contract made out of which the same arose, has been held by the Supreme Court to be unconstitutional, because violative of the due-process clauses of both the State and the Federal constitutions. *Jefferson Fire Insurance Co.* v. *Brackin,* 140 *Ga.* 637 (2) (79 S. E. 467). The return of service as made by the deputy sheriff upon November 17, 1921, therefore amounted to no service at all and was properly disregarded. The process attached on the date of the filing of the suit was directed to the sheriff of Floyd county, although the petition shows upon its face that service could not be perfected by this officer, because it appears therefrom that the defendant did not have in Floyd county any agency or place of business at which or any agent upon whom service might be made. If it had appeared in the original petition, as it did later by the amendment of March 4, 1922, that the defendant had a designated agent elsewhere in the State upon whom service might be perfected, then the clerk should have issued a process directed to the sheriff of the county of the residence of such agent (*Jefferson Fire Insurance Co.* v. *Brackin,* supra), but until this fact was alleged the petition did not disclose the possibility of service by any one, and the clerk therefore was powerless to issue a process directed to any officer whomsoever.

Whether it be true that where a clerk is authorized to issue a process, the fact that the process so issued is directed to the wrong officer will not render the process absolutely void, but merely defective and amendable (see, in this connection, *Beasley* v. *Smith,* 144 *Ga.* 377 (2), 87 S. E. 293; *Callaway* v. *Harrold,* 61 *Ga.* 111; *Mitchell* v. *Long,* 74 *Ga.* 94 (3); *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203, 12 S. E. 357, 22 Am. St. R. 446; *Kelley* v. *Fudge,* 2 *Ga. App.* 759, 59 S. E. 19; *Pearson* v. *Jones,* 18 *Ga. App.* 448, 89 S. E. 536), this could not be the case where the clerk was wholly without power to issue the process at all. Here the aver-

ments of the petition were insufficient to confer such authority. "Void process, or where there is no process or waiver thereof, cannot be amended." Civil Code (1910), § 5693. "Where a petition setting out a cause of action has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of its filing. But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending. The filing of the petition without more does not operate to commence a suit; nor has the judge in such a case authority, at or after the return term, to order a new process to issue." *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004). See also *Chapman* v. *Central of Georgia Railway Co.,* 20 *Ga. App.* 251 (92 S. E. 1025). In none of those cases in which it has been held that when, without negligence of the plaintiff, there has been a failure of service, the court might, at or after the appearance term, order a new process, and that a service then made would be valid (among these cases see *Allen* v. *Mutual Loan & Banking Co.,* 86 *Ga.* 74, 12 S. E. 265; *Sims* v. *Sims,* 135 *Ga.* 439, 69 S. E. 545), had there been a previous total absence of process. In the *Nicholas* case the Supreme Court further said: "It is freely conceded that in cases where the process attached is irregular or defective, the same may be cured by amendment under the order of the judge; but the provisions of law which apply to the amendments of process do not obtain in a case where there is an entire absence of any original process." In that case the clerk had issued a process, but not until after the appearance term had passed, and therefore not until his power to do so had been lost. It was held, the original process being void, the judge was without authority, at or after the return term to order the issuance of a new process. That case differs from the case at bar only in the fact that here the power of the clerk to issue the process was never conferred, because the petition was wholly insufficient for that purpose, in that it did not disclose that there was any officer to whom the process might be directed. In this respect the petition is unlike that in *Jefferson Fire Insurance Co.* v. *Brackin,* supra; for in that case "the petition alleged that the defendant company had duly appointed and authorized a named person resident in another county of the State to acknowledge or

receive service of process and upon whom process might be served in suits against the company." The clerk had before him this averment of the suit when issuing the process directed to the sheriff of that county. "In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending." *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (105 S. E. 596).

It follows from the above that the petition cannot be treated as a suit pending from the date of its filing, but, on the other hand, whatever life, if any, it may have had originally had already become extinct when the judge allowed the amendment of March 4, and thereupon ordered the issuance of a new process and the perfection of service for the succeeding term. The mortality of the action being complete, mere judicial power could not revive it. Thus not only was there no action commenced until more than 12 months after the happening of the loss, but even if the so-called action, in view of the defects noted could by any possibility be said to have had a germ of life at its filing, yet the suit, having abated by reason of the want of process, is to be treated as a nullity. In this view the additional fact, shown in the record but not given in the statement above, that the plaintiff had filed a previous suit upon the same cause of action, which was followed by service and then dismissed, is immaterial. But even if we could hold that a valid suit was pending from and after March 4, 1922, yet it being stipulated in the policy that no action thereon should be sustainable unless commenced within twelve months next after a loss should occur, an action brought after the lapse of that period was barred, although it purported on its face to have been a renewal of a previous action which was instituted within the time limited, and to have been brought within six months after the dismissal of the first action. *Melson* v. *Phenix Insurance Co.,* 97 *Ga.* 722 (25 S. E. 189).

This case is identical in principle with the *Nicholas* and *Chapman* cases. The court erred in overruling the demurrer.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., dissents.*

ON MOTION FOR REHEARING.

BELL, J.   The defendant's demurrer began as follows: "Now comes the defendant at the first term after service of process," etc. A part of the demurrer is purely general in nature.   The court did not overlook these facts in rendering its decision.   Nor did we overlook section 5529 of the Civil Code, which provides that "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof," or the numerous decisions in which this section is applied.   Neither were we unmindful that the filing of a general demurrer is appearance and pleading to the merits.   But in view of the demurrer as a whole, it cannot possibly be taken that in using the expression, "Now comes the defendant at the first term after service of process," the defendant intended to waive the invalidity either of the process or of the service made thereon, when in the selfsame pleading the validity of each is distinctly attacked.   Upon this question the case falls well within the principle of the decision of the Supreme Court in *Stallings* v. *Stallings,* 127 *Ga.* 464 (6) (56 S. E. 469, 9 L. R. A. (N. S.) 593), wherein it was said: "The rule that appearance and pleading waives irregularities in the process or its absence, and the service thereof, and the other rule which declares that if a defendant appear and plead to the merits, without pleading to the jurisdiction and without excepting thereto, he admits the jurisdiction of the court, have no application so as to effect a waiver where the defendant excepted to the service, moved to dismiss the case for want of service, and pleaded to the jurisdiction at the time of filing his defense."   See also *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532 (3) (4 S. E. 921); *McFarland* v. *McFarland,* 151 *Ga.* 9 (3) (supra); *Medical College* v. *Rushing,* 124 *Ga.* 239 (3) (52 S. E. 333); *Cox* v. *Adams,* 5 *Ga. App.* 296 (2) (63 S. E. 60); *Carter* v. *Smith,* 5 *Ga. App.* 804 (2) (63 S. E. 932); *Conner* v. *Hodges,* 7 *Ga. App.* 153 (2) (66 S. E. 546); *Drake* v. *Lewis,* 13 *Ga. App.* 276 (2) (79 S. E. 167).

*Rehearing denied.   Jenkins, P. J., and Stephens, J., concur.*