19072.   HALL *v.* YOUNG L. G. HARRIS COLLEGE.

Decided October 2, 1928.

W. T. Davidson, for plaintiff.

T. S. Candler, W. V. Lance, T. J. Long, Ed. Quillian, Jones & Reid, Candler, Thomson & Hirsch, for defendant.

Broyles, C. J. ■ "Process is a mandatory precept, issuing from a court. The mandate is set forth in the body of the instrument, which we call a process, and this may be printed or written out by any scrivener, but it is the *signature of the proper officer which gives it efficacy.* [Italics ours.] From the instrument itself, the person to whom it is addressed, or who is to be affected by it, learns what is required of him; from the official signature he learns that it emanates from a court authorized so to command him. The mandate, without the authenticating signature, is no more *'process'* than would be the signature without the preceding mandate." *Brown* v. *Way,* 33 *Ga.* 190, 191, 192. See also *Chapman* v. *Central &c. Ry. Co.,* 20 *Ga. App.* 251 (92 S. E. 1025); *Union Marine Fire Ins. Co.* v. *McDermott,* 31 *Ga. App.* 676 (121 S. E. 849). Under this ruling and the facts of the instant case (the original process and the copy of process served on the defendant not being signed by any one), there was no process, and the court did not err in refusing to allow the proffered amendment to the process.

■ The only other assignment of error in the bill of exceptions is upon the judgment dismissing the petition upon the defendant's written plea and motion "that said suit should be dismissed on the ground that the original process and the copy of process served on this defendant is unsigned by the clerk of the superior court of said State and county." The sole exception to that judgment is as follows: "To this ruling and order sustaining defendant's motion to dismiss plaintiff's petition, and in dismissing the same, the plaintiff in error excepted, now excepts, and assigns the same as error, upon the grounds that said ruling and order sustaining defendant's motion and in dismissing plaintiff in error's petition was contrary to law. The court having refused to allow the process to plaintiff in error's petition to be amended as above recited, and such rulings being controlling, as plaintiff in error contends, which entered into and affected the further progress and final result of

the case, the court erred by sustaining defendant's motion to dismiss plaintiff in error's petition. To the action and ruling of the court in sustaining the motion of defendant to dismiss plaintiff in error's petition, and in dismissing said petition, the plaintiff in error excepted, and now excepts, and assigns the same as error upon the ground that same was contrary to law, and the said court having refused the process to be amended, and such refusal as plaintiff in error contends being controlling in effect, the said order and judgment sustaining defendant's motion to dismiss plaintiff in error's petition could not be and are not a legal termination of the case." In view of the ruling of this court in the first paragraph above, that the refusal to allow the proffered amendment to the process was not error, the above-stated assignment of error is without merit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*