## WILLIFORD *v.* MARSHALL *et al.*

No. 8684. SEPTEMBER 14, 1932.

*S. W. Sturgis,* for plaintiff. *Nelson & Taylor,* for defendants.

ATKINSON, J. On January 13, 1931, suit was instituted on a promissory note for $100 and interest, in the city court of Soperton, returnable to the February term, which by law would convene on the first Monday in that month. The court's process was duly issued, requiring the defendant to appear and answer on the *first* Monday in February. In making the copy process to be served upon the defendant, the time at which he should appear was inadvertently stated as the *third* Monday in February. When the suit was instituted, garnishment was also issued, returnable to the February term of the city court of Dublin, and was served upon a bank, The defendant dissolved the garnishment by giving a bond. When the defendant appeared in the city court of Soperton on the *third* Monday in February to make his defense, he found that judgment

had been rendered against him on the first Monday. At the March term of the city court of Dublin the plaintiff, on the basis of the judgment just mentioned, obtained judgment against the defendant as principal and the sureties on the bond dissolving the garnishment. When the sheriff was about to levy execution on property of the bondsman, the defendant in the main case, on June 18, instituted an equitable action against the plaintiff, to set aside and enjoin enforcement of the judgment in the main case, on the grounds that he had been misled by the mistake in the copy process served upon him and prevented from making his defense, and consequently had not had his day in court; also to set aside and enjoin the judgment on the dissolution of garnishment bond, on the ground that it was not based on a valid judgment in the main case. The exception is to a judgment dismissing the action on general demurrer.

1. In section 4 of the act of 1927 (Ga. L. 1927, p. 464, amendatory of the act of 1919), creating the city court of Soperton, it is declared: "That there shall be both monthly and quarterly terms of said court, the quarterly terms to be held on the third Mondays in October, January, April, and July, and such terms shall continue in session for a length of time, in the discretion of the judge, as may be necessary to despatch the business of said court. The monthly terms of said court shall be held on the first Monday in each month, and shall continue in session as long, in the discretion of the judge, as may be necessary to despatch the business returnable to the monthly terms, as hereinafter provided." The copy process served upon the defendant should have been read by him in the light of the law, which he was bound to know, and which did not provide for any term of the court commencing on the third Monday in February. He would know that the only February term commenced on the first Monday of that month. If he had gone to court on that day, he would, upon inspection of the original process, have seen that it required him to answer at that term. In the circumstances the mistake in the copy process, in stating the wrong day on which the defendant should appear, was not cause for setting aside the judgment. In this connection see *Williams* v. *Buchanan*, 75 *Ga.* 789; *Richmond & Danville Railroad Co.* v. *Benson*, 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446); *Harris* v. *Taylor*, 148 *Ga.* 663 (98 S. E. 86); *Ware* v. *Lamar*, 16 *Ga. App.* 560 (85 S. E. 824). The

petition failed to allege a cause of action, and the judge did not err in dismissing the case on general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*