23373.  GILBERT *v.* BROTHERTON INCORPORATED.

JENKINS, P. J.  While it has been held, where neither the original process attached to a petition nor the copy thereof served on the defendant was signed by the officer required by law to sign it, that there was no legal process, and that the defect could not be cured by amendment (*Hall* v. *Young Harris College*, 38 *Ga. App.* 662, 145 S. E. 96), yet where in a justice's court the process was regularly and duly signed by the justice of the peace as required by law, the fact that the purported copy served on the defendant did not indicate such signature would not render the service void (*Harris* v. *Taylor*, 148 *Ga.* 663, 667-669, 98 S. E. 86) ; *Calinet* v. *Hare*, 37 *Ga. App.* 167, 168 (39 S. E. 115) ; and where, as in this case, the copy process substantially set forth that the case was pending in the justice's court of the named district and before the justice of the peace thereof, stating the plaintiff and the defendant and the term to which it was returnable, the amount involved, and a copy statement of the account claimed, there was a sufficient compliance with the statute, as against an affidavit of illegality, the defendant not having appeared. *Williford* v. *Marshall*, 175 *Ga.* 683, 684 (165 S. E. 588) ; *Ga. So. & Fla. Ry. Co.* v. *Pritchard*, 123 *Ga.* 320 (2) (51 S. E. 424) ; *Myers* v. *Griner*, 120 *Ga.* 723 (2) (48 S. E. 113) ; 50 C. J. 484.  The superior court did not err in overruling the certiorari of the defendant in the justice's court.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 29, 1934.

*A. A. Baumstark, Paul Ginsberg,* for plaintiff in error.
*Walter Earle Daley,* contra.