## 29843. W. T. RAWLEIGH COMPANY *v.* WATTS.

DECIDED JANUARY 27, 1943.

*Price Edwards, James R. Murphy,* for plaintiff.

*J. B. Edwards, Don B. Howe, Olin T. Flournoy,* for defendant.

SUTTON, J. The petition in the present case, which was filed against two named defendants of Haralson County, Georgia, and against J. S. Watts and two others of Polk County, Georgia, was based on an alleged account stated and set forth a cause of action. The petition prayed that process issue requiring the defendants to be and appear at the next term of the superior court of Haralson County, and that "second original with process thereon directed to the sheriff of Polk County and his lawful deputies do issue and

that the sheriff of Polk County serve a copy each upon defendants of Polk County and make entry of such service on said second original and return to this county." On July 25, 1939, thereafter original process was issued by the clerk of Haralson superior court bearing test in the name of the judge of that court, the situs being shown as "State of Georgia, Haralson County," the process being directed to the sheriff of said county, requiring, personally or by attorney, the named defendants of Haralson County and Polk County to be and appear at the next superior court to be held in and for said county on the 3rd Monday in January next, etc.. Copies of the petition and process were duly served on the defendants residing in Haralson County and returns with entries made. The clerk also issued a second original, copies of the petition and of the process, all being regular except that instead of the words "Haralson County" appearing in the situs the words "Polk County" were shown, and J. S. Watts and the other two defendants residing in Polk County were each served with copy of process and copy of the petition, and returns with entries of service were made to Haralson superior court.

Upon the trial of the case judgment was rendered against all of the defendants except one other than Watts, and executions were thereafter issued against all defendants named in the judgment. To the levy of the execution upon certain property of Watts he filed an affidavit of illegality on the ground that he resided in Polk County at the time the suit was brought, and has since. so resided, and that he was never served with valid process, had never acknowledged service of process or waived process, and had not appeared and plead in the said case; that the purported service was void for the reason that it required him to be and appear at the superior court of Polk County on the 3rd Monday in January, 1940, and the case was not pending in the superior court of that county, and he had not had his day in court. The court sustained the affidavit of illegality and dismissed the levy and set aside the judgment as to him, and the plaintiff excepted.

The process here involved was issued from a court having jurisdiction of the subject-matter of the suit and of the defendants. who resided in Haralson County and had been properly served. Whether or not it acquired jurisdiction to render a valid judgment. against Watts depends upon whether or not the process issued

against him was void or merely defective and subject to amendment and cured by verdict.

A void process is no process at all and is not amendable. Code, § 81-1313; *Lowrey* v. *Railroad Co.*, 83 *Ga.* 504 (10 S. E. 123). Consequently, it is not cured by verdict. But process which is merely defective and not void is amendable and is cured by verdict. *Betton* v. *Avery*, 180 *Ga.* 110 (178 S. E. 297). "Formerly, under the judiciary act of 1799, process, if not sued and served in strict conformity to the requirements of the statute, was declared to be null and void. This was the strong language of the statute. But all this is changed; and relaxation, and not stringency, is the rule now. The courts began to modify with the act of 1853, and progressed with the broad allowance of amendments made by the Code and the decisions and legislation which preceded it; so that now, if there be a legal cause of action set out in the declaration, and the defendant has had notice of the pendency of the suit, all other objections are to be disregarded by so amending the proceedings as shall subserve the ends of justice." *White* v. *Hart,* 35 *Ga.* 269, 270. The original process in the present case was entirely regular. The copy process was regular in all respects except that it showed in the situs the words "Polk County" instead of "Haralson County." This did not, in our opinion, render it void but only defective. The Code, § 102-102 (6), provides: "A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." The Code, § 81-220, provides: "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth."

In cases wherein was raised the question whether or not the process was void because of various objections urged it has been ruled that a copy of the petition which was served on the complaining party may aid the process. See *Williams* v. *Buchanan,* 75 *Ga.* 789; *Harris* v. *Taylor,* 148 *Ga.* 663, 669 (98 S. E. 86). This rule is stated in 42 Am. Jur. 23, § 22: "The copy of the declaration, com-

plaint, or petition delivered with the copy of the summons served shall be deemed a part of the notice to the defendant and be read with the summons to explain any apparent ambiguity in the latter document; and as a general rule it may be said that a defective summons will be regarded as aided or cured by the pleadings served with the summons when, with all the information contained in the two papers in his possession, the defendant could not be misled as to the nature of the relief demanded, or as to the court in which the proceedings are to be instituted. Under this rule, where the summons and complaint, petition, or declaration are served together and the county and the court in which suit is brought, the term of court or the time within which the defendants are to appear and answer, the amount for which judgment is demanded, and other such matters are correctly stated in the copy of the pleadings served on the defendant, the notice is sufficient, although these facts are not stated in the summons as required by statute, and the court will allow the summons to be amended."

The copy of the petition served on Watts showed to him that the suit had been filed against him in Haralson County in the superior court thereof, and that process had been prayed against him by service of second original in Polk County. It showed that the process was to require him to be and appear at the next term of that court, and he was charged in law with knowledge of the fact that the next term of that court would begin on the 3rd Monday in January, 1940, as well as knowledge that the next term of the superior court of Polk County did not begin until the 4th Monday in February, 1940. *Williford* v. *Marshall*, 175 *Ga.* 683 (165 S. E. 588); *Ware* v. *Lamar*, 16 *Ga. App.* 560 (85 S. E. 824). As was said in *Williams* v. *Buchanan*, supra, in which the defendant was summoned to appear at an impossible term of the superior court of Sumter County: "When a man knows that he is sued, and is served with a copy of the declaration which tells him what he is sued for and in what court, it would be well for him to step to the clerk of that court and find out something about any little mistake in the process, and attend at the first term to take advantage of the mistake, if it would avail him, or have it corrected and put off a term, if the court so decided; especially would it be prudent not to delay action until after trial term, verdict, judgment and execution, and then set up the mistake of the clerk,

which must have been known to him the moment he read the copy-declaration and process handed him by the sheriff, and called to mind the fact known to everybody in Sumter County that the superior court met in April and not in December."

If the defendant Watts had availed himself of the notice given to him by the copy of the petition, and had gone to Haralson superior court, he would have definitely ascertained upon inspection of the original process that his appearance was sought at the next term of that court, convening on the 3rd Monday in January, 1940. In these circumstances the mistake in the copy of the copy process was not cause for setting aside the judgment. See *Williford* v. *Marshall,* supra, and cit.

While we find no case in which the precise error committed in the copy process here was made, it was held in *Kelly* v. *Fudge,* 2 *Ga. App.* 759 (59 S. E. 19), that, in a process otherwise regular but requiring the defendant to be and appear "at the next superior court" to be held on the date named by law for the regular term of the city court, the process was not void, and was amendable by allowing the clerk to strike the words "superior court" and insert the words "city court." The copy process here involved is, in our opinion, no less amendable, and the court erred in sustaining the affidavit of illegality and dismissing the levy and setting aside the judgment as to Watts.

*Lowrey* v. *Railroad Co.,* 83 *Ga.* 504 (10 S. E. 123), cited and relied upon by the defendant in error, deals with a *void* process. In *R. & D. Railroad Co.* v. *Benson,* 86 *Ga.* 203 (12 S. E. 357), where the process required the defendant to be and appear at the next term of court to be held on the first Monday in July instead of the first Monday in August, the next regular term as prayed, and which process was held to be amendable, the Supreme Court distinguished the *Lowrey* case as follows: "As will be seen from a casual reading of that case, its facts were different from the facts in the present case. In that case the petition was addressed to the city court of Atlanta and process was prayed returnable to that court, but the clerk of the superior court of Fulton County, who was also *ex officio* clerk of the city court, annexed to the declaration and to the copy which was served on the defendant, a process requiring it to appear at an impossible term of the superior court, which process bore test in the name of the judge of the

superior court and was signed by the clerk of the superior court. The process was held to be void for the reason that the suit was filed in the city court but the process required the defendant to appear in the superior court, and bore test in the name of the judge of the superior court and was signed by the clerk of the superior court as such, and not as clerk of the city court of Atlanta."

In the present case the suit was filed in the superior court of Haralson County and process issued from that court. The original process was in all respects regular, and the copy process, though defective, was, for reasons shown above, amendable, and the defect was cured by verdict.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*