## 77362. BANK SOUTH, N. A. v. TATE.
### (378 SE2d 486)

POPE, Judge.

The issue presented in this interlocutory appeal is whether a person served with process intended for another and who answers denying he is the intended defendant and who also counterclaims for malicious use of process can maintain the counterclaim. Appellant Bank South argues that such a person is a non-party to the action and cannot maintain a counterclaim. The trial court disagreed and denied appellant's motion to dismiss.

Appellant filed an action in Clayton County for non-payment of a Mastercard account against William T. Tate, Jr. (the intended defendant). Service was returned by the sheriff's department with the notation that the intended defendant could not be found in the jurisdiction. Appellant then requested that service by second original be made at a DeKalb County address. On September 21, 1987, the sheriff's office served William Tate, the appellee here, at the address provided by appellant. This address was and had been appellee's home, and the intended defendant, William T. Tate, Jr., had never lived there. The next day, appellee contacted appellant's attorney and two days later appellant's attorney wrote a letter to appellee advising him that he was not the man intended to be served and that he did not need to file an answer to the complaint. However, appellant took no

other action to dismiss appellee from the suit. On October 8, 1987, appellee filed his answer and counterclaim for malicious abuse of process. Appellant then filed its "Motion to Dismiss and Strike the Non-Party's Answer and Counterclaim." After a hearing, the trial court denied the motion. *Held:*

The key factor in resolving the issue on appeal is whether appellee can be considered a party to *this* action. While the court makes no judgment on the merits of appellee's claim against appellant, there can be no doubt that appellee has the right to bring such a claim. The question is whether that claim can be maintained in the present case.

"Georgia law broadly defines a 'party' to include one who is directly interested in the subject matter of the litigation, has the right to adduce testimony, to cross-examine witnesses, to control the proceedings, and to appeal from the judgment. [Cits.]" *Wilkins v. Dept. of Human Resources,* 255 Ga. 230, 235 (337 SE2d 20) (1985). Appellant argues that this precludes appellee from this action because he is not the person appellant intended to sue. However, this misses the point that appellee became involuntarily interested in this litigation the moment he was served. Even though appellant told appellee he need not answer because he was not the party intended, appellant took no other action to have the court remove the command to appear and answer inherent in the summons served by the sheriff. This left appellee in an ambiguous position.

One served with legal process ignores the summons at his own risk. *Miller v. U. S. Shelter Corp.,* 179 Ga. App. 469 (3) (347 SE2d 251) (1986); *W. T. Rawleigh Co. v. Watts,* 68 Ga. App. 786, 789 (24 SE2d 213) (1943). Had appellee not answered, he risked a change of heart by appellant and the possibility of a default judgment being entered against him. Thus, appellee took the only prudent action available and answered. We hold that appellee became a party to the suit upon service, although an unintended party by the plaintiff-appellant. Appellant could have moved the court to quash the service immediately upon learning of the error, or it could have dismissed the action pursuant to OCGA § 9-11-41. Appellant also could have moved the court to drop the unintended party pursuant to OCGA § 9-11-15. However, it did none of these, and appellee is a party and thus has the right to assert his counterclaim. The trial court can easily avoid any confusion between the counterclaim and the main action by ordering a separate trial of the counterclaim pursuant to OCGA § 9-11-42 (b).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1989 —
REHEARING DENIED FEBRUARY 10, 1989 — 

*Boyce, Thompson & O'Brien, Peter F. Boyce, Albert F. Nasuti,* for appellant.
*Weiner, Dwyer & Yancey, J. Matthew Dwyer, Jr., Thomas C. Dempsey,* for appellee.