In the Matter of the Probate of the Last Will and Testament of MARSHALL P. LEVY, Deceased.

AUGUSTA LEVY and GUARANTY TRUST COMPANY, Appellants, Respondents; JETTA L. LICHTENSTEIN and Others, Respondents, Appellants.

First Department, December 2, 1921.

Depositions — examination before trial — Code of Civil Procedure, §§ 870–886, applicable to special proceedings in Surrogate's Court — surrogate has power to grant order for preliminary examination of party or witness — order directing examination of parties in probate proceeding modified by elimination of certain parties who were not adverse parties and striking out provision for examination as to occurrences after date of execution of will.

Sections 870–886 of the Code of Civil Procedure, by virtue of section 2770 of the Code, were made applicable to a special proceeding in the Surrogate's Court and the surrogate has power to grant an order for the preliminary examination of a party or witness.

Accordingly, it was proper for a surrogate to direct the examination of certain parties before trial relative to issues in a probate proceeding,

but where the examination is limited by the order to the issue of undue influence only and it appears that some of the parties to be examined are not named as parties to the alleged exercise of undue influence and there is nothing in the papers which justifies finding them to be adverse parties within the meaning of the Code of Civil Procedure, the order will be modified by the elimination of their names as parties to be examined.

A provision in the order, calling for the examination as to occurrences during a period following the date of the execution of the alleged will and codicil, should be stricken out.

APPEAL by the proponents, Augusta Levy and another, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said court on the 5th day of November, 1921, modifying an order entered in the office of the clerk of said court on the 28th day of September, 1921, directing the examination before trial of Augusta Levy and others.

Appeal by the contestants, Jetta L. Lichtenstein and others, from so much of said order as eliminates paragraph " 5 " of the original order of September 28, 1921, directing the examination of Augusta Levy and others, and from so much of said order as limits the examination as to the issue of undue influence and as to the period of time to be covered by said examination.

*Daniel J. Mooney* of counsel [*Remsen & Parsons*, attorneys], for the proponents and for Augusta Levy, individually.

*Martin Conboy* of counsel [*Louis J. Vorhaus* and *Edwin N. Moore* with him on the brief; *Griggs, Baldwin & Baldwin* and *House, Grossman & Vorhaus*, attorneys], for the contestants, Jetta L. Lichtenstein and others.

DOWLING, J.:

In *People ex rel. Lewis* v. *Fowler* (229 N. Y. 84) it was held that by virtue of section 2770 of the Code, sections 870–886 of the Code of Civil Procedure were applicable to a special proceeding in the Surrogate's Court and that the surrogate had power to grant an order for the preliminary examination of a party or witness. The court said (at p. 87): " With the provision for a jury trial in a contested proceeding for the probate of a will such proceeding

has taken on the essential character and form of an ordinary jury action, and it is difficult to perceive why the provisions for the preliminary examination of a party or witness cannot ' be applied to the substance and subject matter of (such) a proceeding without regard to its form.' With a contest governed by the form and procedure of a jury trial there seems to be just as much reason, under proper circumstances, for the preliminary examination of a witness as in the case of an ordinary action."

The original order for examination herein directed that Augusta Levy, Sadie Levy, Hortense Levy and Georgia Levy, heirs at law and next of kin of the testator, be examined as adverse parties herein before trial, on thirteen specified matters relative to the issues in this probate proceeding. The order appealed from limited the scope of the examination in certain particulars, but denied the motion to vacate the original order. Cross-appeals have been taken from various provisions of the order modifying the original order for examination.

In so far as the order is appealed from by contestants, we find that it is proper and should be affirmed. In so far as it is appealed from by the proponents of the will and by Augusta Levy individually, we are of the opinion that the order should be modified in the following particulars:

(1) By eliminating Sadie Levy and Hortense Levy as parties to be examined. They are not adverse parties, upon the facts disclosed by the record herein. The examination has been limited by the order to the issue of undue influence only. The objections to the probate of the alleged will and codicil specified Augusta Levy and Georgia Levy as the persons who had practiced undue influence upon the testator to induce him to execute the alleged will and codicil. Sadie Levy and Hortense Levy are not named as parties to the alleged exercise of undue influence, and there is nothing in the papers which justifies finding them to be adverse parties within the meaning of the Code provisions.

(2) By striking out paragraph 10 of the order, as it calls for an examination of the parties as to occurrences in the years 1918 and 1919, after the date of the execution of the alleged will and codicil.

As so modified, the order will be affirmed, with ten dollars

First Department, December, 1921.            [Vol. 198

costs and disbursements to each party appearing upon the appeal, payable out of the estate.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to each party appearing upon the appeal, payable out of the estate. Settle order on notice.