In the Matter of Proving the Last Will and Testament of JAMES FLETCHER VAIL, Deceased.

Surrogate's Court, Orange County, March, 1923.

**Wills — contested probate — legatee or devisee served with notice of objections filed becomes a party and testimony may be taken by deposition.**

In a contested probate proceeding contestants served notice to take the testimony of the principal beneficiary under the will, who was not cited but who was served with notice of objections filed, relating to fraud and undue influence. Motion is made to vacate the notice on the ground that the person to be examined is not a party to the proceedings. *Held,* that a legatee or devisee served with notice as required by section 148 of the Surrogate's Court Act becomes a party to the proceedings and may be examined pursuant to sections 288 and 290 of the Civil Practice Act.

MOTION to vacate notice to take testimony of a legatee and devisee under section 291 of Civil Practice Act.

*Frank H. Finn* (*Russell Wiggins,* of counsel), for proponent.

*Watts, Oakes & Bright* (*John Bright,* of counsel), for contestants.

SMITH, S.  James Fletcher Vail, a resident of Orange county, died leaving a paper writing offered for probate as his last will and testament.    Fannie H. Brewster, a sister, and Julia Vail Many, only child of a deceased sister, have filed objections to its probate, and allege, among other things, that the execution of the same was procured by one Anna Tedford, who receives the major portion of the estate, although not related to deceased, by fraud and undue influence.

Pursuant to sections 288 and 290 of the Civil Practice Act, the contestants served notice to take the testimony of said Anna Tedford upon the following issues:

(A) Whether or not the instrument in writing, bearing date January 6, 1921, and propounded as the last will and testament of the above-named deceased, was the free and unconstrained act, will and deed of the said testator.

(B) Whether or not said instrument was freely and voluntarily made and executed by said testator.

(C) Whether or not said instrument was obtained and the subscription thereof procured by fraud and undue influence practiced upon said decedent.

The attorney for the proponent has duly served notice of motion to vacate said notice for the first term or setting of the court at which such motion can be heard.

The motion is made on the ground that said Anna Tedford is not a party and that her testimony cannot be taken as a witness because she resides at Middletown, does not intend to depart from the state, is not sick or infirm and that no special circumstances render it proper that her testimony be taken.

The proponent claims that section 41 of the Surrogate's Court Act expressly provides for jurisdiction only over the petitioner, persons cited and persons who duly appear and that only such persons may be deemed to be parties to the proceeding.

The attorneys for the contestants allege that she is the person charged with undue influence and claim that she is an adverse party, although not cited, by reason of the service of notice pursuant to section 148 of the Surrogate's Court Act, and, in addition, that the fact that she takes the bulk of the estate to the exclusion of the relatives is a special circumstance which renders it proper that her testimony be taken in regard to the matters above stated.

Section 148 of the Surrogate's Court Act provides:  " Whenever objections are filed to the probate of a will, the proponent shall file a notice stating   *   *   *   the name and post-office address of the proponent, and of each legatee, devisee or other beneficiary

who has not appeared by attorney * * *. Such notice shall be served on each of the parties therein named * * * which notice shall have the additional statement included or endorsed thereon that objections have been filed to the probate of such will and that the same will be heard on a day or at a term of court therein stated. Proof of due service of such notice shall be made and filed in the surrogate's office, and any decree in the proceeding shall not affect the right or interest of any such person unless he shall have been so notified."

Prior to the general revision in surrogates' practice in 1914, the procedure in trials of contested probate proceedings was governed by section 2653a of the Code of Civil Procedure which provided, among other things, " all the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

The present provisions for a jury trial in a contested proceeding for the probate of a will took the place of section 2653a of the Code of Civil Procedure. Section 148 of the Surrogate's Court Act provides a simple and adequate method of obtaining jurisdiction over every person interested who is not already a party and provides, as above quoted, that the decree shall not be binding on any person interested who has not been served with notice of filing of objections and of the trial.

In my opinion, a legatee or devisee who has not been cited and who has not appeared but who has been served with notice of filing of objections and trial pursuant to section 148 of the Surrogate's Court Act thereupon becomes a party to the proceeding and may be examined pursuant to sections 288 and 290 of the Civil Practice Act in a proper case. *People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84. This makes it unnecessary to determine the question as to whether or not special circumstances render it proper that the testimony of such legatee and devisee be taken in this particular case.

The subjects as to which said Anna Tedford is sought to be examined relate to matters of fraud and undue influence and the contestants have the burden of proof as to those issues. *Matter of Kindberg*, 207 N. Y. 220.

The examination of said Anna Tedford with respect to the matters stated in the notice is proper (*Matter of Tymeson*, 114 Misc. Rep. 643; *Matter of Hodgman*, 113 id. 215; *Matter of Levy*, 198 App. Div. 773), and this motion will be denied.

Submit order in accordance herewith fixing time and place for such examination, with three days' notice of settlement.

Ordered accordingly.