In the Matter of Proving the Last Will and Testament of AUGUST DOOPER, Deceased.

Surrogate's Court, Bronx County, January 22, 1925.

**Wills — contested probate — motion to vacate notices for examination of persons, named in will, as adverse parties — legatees and devisees named in will and served with notice of probate pursuant to Surrogate's Court Act, § 148, are parties to proceeding and may be examined pursuant to Civil Practice Act, § 288 — proponent in probate proceedings not required to produce parties for examination — motion denied.**

Legatees and devisees named in a will, who have been served with a notice of probate pursuant to section 148 of the Surrogate's Court Act, are parties to the probate proceeding and may be examined as adverse parties pursuant to section 288 of the Civil Practice Act.

Accordingly, a motion to vacate notices for the examination of persons named as legatees and devisees in a will requiring them to appear and be examined as adverse parties will be denied, where the persons designated in the notices for the examination are either legatees or devisees under the will and as such are amenable to examination as adverse parties pursuant to section 288 of the Civil Practice Act.

The proponent of a will in a probate proceeding is not required to produce for examination the parties mentioned in the notices, since, if such were the fact, the orderly procedure of the proceeding would be interfered with and the probate of the will might be made impossible.

PROCEEDING for probate of will. Motion to vacate notices by contestants served upon attorneys for proponent requiring persons named in will to appear and be examined as adverse parties.

*Kadel, Van Kirk & Reynolds,* for the proponent.

*Francis B. Wood,* for Sanna Benner.

*Cohalan & Cohalan,* for Elizabeth Reebe Pfluger.

*Francis J. Kuerzi,* for Carrie Reebe.

*William S. Evans,* special guardian for Geertje Bouma and another.

*George V. Grainger,* for the Missionary Society of the Most Holy Redeemer in the State of New York.

*Strang & Taylor,* for Lena Stolz.

SCHULZ, S.:

Notices on behalf of some of the respondents who are contesting the probate of the last will and testament of the decedent were served upon the attorneys for the proponent, requiring three persons and one corporation whose names are in the will to appear and be examined as adverse parties.

Upon the day fixed for such examination the attorneys for the proponent requested an adjournment which was granted. Subsequently they made a motion to vacate such notices. It is now urged that by reason of the adjournment the notices in question may not be vacated. (*Sutphin Realty Co.* v. *Breinig,* 206 App. Div. 713; *Schweinburg* v. *Altman,* 131 id. 795.) In view of the conclusion which I reach upon the merits, however, it will be unnecessary for me to consider that phase of the matter.

It is contended that legatees and devisees named in a will who have been served with a notice of probate pursuant to section 148 of the Surrogate's Court Act are parties to the contested probate proceeding and may be examined by an adverse party under section 288 of the Civil Practice Act, and it has been so held. (*Matter of Vail,* 120 Misc. 430.)

Peter Grein, one of such persons, is a legatee and devisee under the will. Richard Donohue does not appear to be a legatee or devisee for the reason that he took only in the event of the death of Peter Grein. The Missionary Society of the Most Holy Redeemer in the State of New York, a corporation, is a legatee and devisee and James Hayes may or may not be such, depending upon certain conditions. None of these persons have appeared by counsel except the corporation. The contestants are, therefore, entitled to examine such of the above as are or may be legatees or devisees, provided proper notice has been given to them, or in the case of the corporation, to its attorney, and the statute has, in other respects, been complied with. (Civ. Prac. Act, §§ 288–309.) There is nothing before me to show whether or not such notice was given.

The notices do not ask for the examination of the proponent. The motion to vacate seemingly is made upon the theory that the proponent is obliged to produce for examination the persons and corporation mentioned in the notices, but I know of no authority holding that to be the law. The orderly procedure of a contested probate matter would be seriously interfered with and the probate of a propounded document might be made impossible, if through the service of a notice of this kind, a proponent were required, as a condition precedent, to produce legatees and devisees, some of whom might be in foreign lands. Without some controlling

authority to the contrary, I would hold that there was no such duty upon him.

I shall deny the motion to vacate, and as the date fixed in the notice for the examination has passed, the order to be entered hereon may fix a day upon which the examination of such of the persons mentioned in the notice, as are legatees or devisees, may proceed, if the statute has been complied with.