In the Matter of Proving the Last Will and Testament of MARY A. KIMMERLE, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County, November 14, 1927.

**Surrogate's Court — probate proceeding — examination of witnesses before trial — Surrogate's Court Act, § 316, makes applicable to Surrogate's Court provisions of Civil Practice Act relating to examination of witnesses before trial — notice for examination is not premature where proceeding is actually pending — contestant entitled to examination only as to matters which refer to affirmative attack upon validity of will — reference in notice for examination to exhibit attached thereto wherein facts concerning examination are set forth is sufficient compliance with Civil Practice Act, § 290, subd. 4 — fact that contestant has filed objections to probate does not bar him from right to examine witnesses — non-residents of county and State may be examined under Civil Practice Act, § 300.**

Section 316 of the Surrogate's Court Act makes applicable to the Surrogate's Court the provisions of the Civil Practice Act relating to the examination of witnesses before trial.

Contestant's notice for the examination of witnesses before trial in this proceeding to probate decedent's will is not premature where the proceeding is actually pending and objections have been filed.

However, contestant is not entitled to an examination as to certain matters, the burden of proof as to which is upon the proponent and not upon him. On the contrary, he is entitled to an examination as to those matters which refer to an affirmative assault upon the validity of the will, since the burden of proof is upon him. But no examination can be had as to those matters in certain paragraphs of the notice which do not constitute an objection to the validity of the will.

A reference in the notice for examination to an exhibit attached thereto and wherein the matters concerning which an examination is desired are set forth is a sufficient compliance with subdivision 4 of section 290 of the Civil Practice Act which requires that the matter upon which the person or persons are to be examined must be stated in writing in the notice for the examination.

The fact that the contestant has filed objections does not deprive him of his right to an examination.

Legatees and devisees named in a will who have been served with notice of probate are parties to subsequent proceedings relative to the will and as such may be examined within the meaning of section 288 of the Civil Practice Act. Non-residents of the county and of the State may also be examined.

If the non-resident witnesses herein sought to be examined decline to consent to an examination in Bronx county, an amended notice for such examination in compliance with section 300 of the Civil Practice Act may be served and the probate will be stayed until contestant has had a reasonable opportunity to serve the notice.

MOTIONS to vacate notice for examination of witnesses before trial in probate proceeding.

*McAuliffe & Mishell,* for the proponents.

*O'Gorman, McDonald & Futter,* for the contestant.

*Hamilton & Freeman,* for the legatees.

SCHULZ, S.   Two motions were made by different parties for the same relief, namely, to vacate a notice which had been given by a contestant for the examination of witnesses before trial, upon various grounds stated.

The provisions of the Civil Practice Act relating to such an examination are applicable to the Surrogate's Court.   (Surrogate's Court Act, § 316; *Matter of Levy,* 198 App. Div. 773; *People ex rel. Lewis* v. *Fowler,* 229 N. Y. 84.)

The probate proceeding is actually pending and objections have been filed; hence the notice is not premature.   (Civ. Prac. Act, § 288; *Matter of Levy, supra.*)

The matters upon which the contestant desires to examine the witnesses are set forth in the exhibit attached to the notice for the examination.   As to those contained in paragraphs I to IV, inclusive, the burden of proof is upon the proponent, and not upon the contestant (*Matter of McDonough,* 201 App. Div. 203; *Matter of Cottrell,* 95 N. Y. 329; *Matter of Martin,* 98 id. 193), and the latter is, therefore, not entitled to an examination before trial as to the same.   (*Kimball* v. *Budd Co.,* 215 App. Div. 724; *Curtis* v. *Searles,* 206 id. 287.)   The matters set forth in paragraphs V and VI refer to an affirmative assault upon the validity of the will; the burden of proof is upon the contestant (*Matter of Kindberg,* 207 N. Y. 220; *Matter of Martin, supra*), and he is entitled to the examination he requests.   (*Klapp* v. *Merwin,* 122 Misc. 708; affd., 209 App. Div. 843.)   Those contained in paragraphs VII and VIII do not constitute an objection to the validity of the propounded paper, and hence no examination before trial should be had as to these matters.   (*Sands* v. *Comerford,* 211 App. Div. 406.)

The reference in the notice to Exhibit " A " attached to the same, and wherein the matters concerning which an examination is desired are specifically set forth, is a sufficient compliance with the provisions of the statute (Civ. Prac. Act, § 290, subd. 4), which requires that the matter upon which the person or persons are to be examined must be stated in writing in the notice for the examination.   (*Richmond* v. *Josephthal,* 203 App. Div. 281.)   The fact that the contestant has filed objections does not deprive him of his right to an examination.   Legatees and devisees named in a will who have been served with notice of probate are parties to subsequent proceedings relative to the will, and as such may be examined. (Civ. Prac. Act, § 288; *Matter of Vail,* 120 Misc. 430.)   Non-residents of the county and of the State may be examined.   (Civ. Prac. Act, § 300; *Rockwell* v. *Leach & Co., Inc.,* 206 App. Div.

632.)    One of the notices of motion sets forth that two of the persons sought to be examined are non-residents of the county and have no office therein for the regular transaction of business, and that one of them is a non-resident of the State.    No affidavit to that effect has been submitted.    If it appears that such is the fact, and the parties decline to consent to an examination in Bronx county, an amended notice for such examination in compliance with section 300 of the Civil Practice Act may be served, and the probate will be stayed until the contestant has a reasonable opportunity to serve the same.

The motions are, therefore, granted as to the matters referred to in paragraphs I to IV, inclusive, and in paragraphs VII and VIII, but denied as to those set forth in paragraphs V and VI, and the said examination as to those matters is set down to take place before me on November twenty-third.    Enter order on notice accordingly.