In the Matter of the Estate of ADA W. PUTNAM, Deceased.

Surrogate's Court, New York County, December 12, 1929.

*Alger & Coughlan [George W. Alger* of counsel], for the proponent.
*Van Doren, Conklin & McNevin*, for the contestant.

FOLEY, S. In this contested probate proceeding the jury answered in the negative the single question submitted to them, as to whether the will was procured by undue influence. The evidence clearly created an issue of fact for determination by the jury. The circumstances of the case, the relationship between the testatrix and her attorney, who was a beneficiary under the will and its draftsman, presented a question similar to that discussed in *Matter of Kindberg* (207 N. Y. 220). By reason of these circumstances the burden was cast upon the attorney to explain that the will represented the free, untrammeled and intelligent wishes of the testatrix. The jury has accepted this explanation offered by the proponent and has found that undue influence was not established. In my opinion the verdict was proper and should not be disturbed. There was no proof of direct persuasion, coercion or influence exercised upon the testatrix. The prior will, drawn by another attorney, gave a life interest only to the contestant just as the contested paper provided. Even if the disputed testimony of Miss Shea, which is discussed hereafter, should be eliminated, the jury was justified in reaching the conclusion contained in their verdict. The motion to set aside the verdict is, therefore, denied. (*Matter of Bundy*, 217 App. Div. 607.)

During the course of the trial the contestant attempted to introduce certain testimony consisting of declarations and conduct of the testatrix after the date of the execution of the will. The surrogate excluded such evidence as neither material, competent or relevant. The sole issue was undue influence. The testamentary capacity of the maker of the will was not disputed. The declarations did not bear upon the strength or weakness of mind of the testatrix, but were plainly intended to show the exercise of undue influence by some person in the making of the will. One piece of evidence is significant in this regard as showing the utter irrelevancy and incompetency to the issue. The contestant attempted to prove that

the testatrix had destroyed a copy of the contested will just before her death. There was no issue of revocation in the case. The purpose of this testimony was to show repudiation of its contents and dislike for the attorney who was a beneficiary in it. It has been repeatedly held that the declarations of the testatrix subsequent to the making of the will are improper and incompetent as affirmative statements of facts to prove fraud, collusion and undue influence. (*Smith* v. *Keller*, 205 N. Y. 39, at p. 48; *Matter of Levy*, 198 App. Div. 773.) The decision of the Court of Appeals in *Marx* v. *McGlynn* (88 N. Y. 357) as to the relevancy or competency of such declarations, must be deemed to be much limited by the later decisions just cited.

The remaining question of the admissibility of evidence in the case involves the competency of the testimony of an employee of an attorney, who had become a subscribing witness, to testify not only to the circumstances surrounding the execution, but also to prior communications made by the client (the testatrix) to the employee in the preparation of the will. In so far as it has been directly raised in a probate contest, the question appears to be a novel one and without prior reported authority in this State. In *Matter of Eno* (196 App. Div. 131, at p. 142) the suggestion of this interesting point was raised, but not decided. In that case a clerk in the office of the draftsman became a subscribing witness and the opinion inquires, " Would the same rule which was applied to the attorney who was a subscribing witness in *Matter of Coleman* (111 N. Y. 220) be applicable to an attorney's clerk similarly situated? "

Marion E. Shea was one of the subscribing witnesses to the contested will in the present proceeding. She was at the time of execution and for some years past the secretary of the attorney who drafted the instrument. The attorney did not become a subscribing witness. Indeed, such subscription by him would have been futile because of his being a beneficiary under the will.

The proponent sought to prove by Miss Shea certain communications with the testatrix with regard to the preparation of the instrument, the statements of the testatrix with respect to a prior will and as to a preliminary draft of the will offered here, and the identification of these papers. This testimony was admitted by me with certain limitations. Miss Shea was competent to testify, notwithstanding she was an employee in the office of the attorney for the testatrix, because, in my opinion, the word " attorney " in section 354 of the Civil Practice Act includes a clerk of an attorney, and because the testatrix herself had waived the confidential communication rule by requesting Miss Shea to become a subscribing

witness to the will. (*Matter of Coleman,* 111 N. Y. 220.) Thereby Miss Shea became entitled to testify not only to the circumstances surrounding the execution, but also the facts and circumstances within her direct knowledge as to preliminary communications with Mrs. Putnam, the testatrix.

Miss Shea was also competent to identify the copy of the prior will of 1926 which she had sent by mail with a letter of transmission signed by her to Mrs. Putnam. Her testimony was also competent to identify the preliminary draft of the contested will which the testatrix produced on the day of execution. That paper contained notations and changes in the handwriting of the testatrix. The testimony showed that this paper had been discussed by the testatrix in the presence of Miss Shea. Thereby the draft became competent as an exhibit in the case.

In *Matter of Coleman* (111 N. Y. 220) the Court of Appeals held that even before the amendment made in 1892 to the former section 836 of the Code of Civil Procedure (now section 354 of the Civil Practice Act), the testimony of the attorney as to the preparation of the will was competent where he became a subscribing witness. The request of the testator was equivalent to a waiver.

Section 353 of the Civil Practice Act provides that an attorney at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment, " nor shall any clerk, stenographer or other person employed by such attorney or counselor be allowed to disclose any such communication or advice given thereon." The next section, 354, of the Civil Practice Act provides that nothing therein contained shall be construed to disqualify an attorney in the probate of a will " from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto." It will be noted that the language does not specifically include the employee of an attorney.

I hold that the word " attorney," as used in the latter section, comprehends within its scope and meaning an employee of an attorney. The opening sentence of section 354 refers to the " last three sections " which included section 353. The prohibition in the. latter section applied not only to attorneys generally, but also included their employees within the confidential relationship. It is interesting to note also that even before the amendment of 1896 when the Legislature added employees of lawyers to the privileged group, both the English and New York decisions had held that such employees were prohibited from disclosing confidential communications just as their principals were forbidden to do so. (Chase's Stephen's Digest of Law of Evidence [2d Am. ed.], 289; Wigmore

Ev. [2d ed.] § 2301.)   In his footnote to the latter section, Professor Wigmore points out that an amendment similar to that made by our Legislature in 1896 to former Code section 835, now embodied in section 353 of the Civil Practice Act, was unnecessary and made no change in the existing law because the word " attorney " already covered by judicial interpretation the clerks of the attorney.

In the early decision of the Court of Appeals (*Sibley* v. *Waffle*, 16 N. Y. 180, at p. 183) a similar rule was applied and the prohibition against the attorney was held to apply to his clerks. It reasonably follows, therefore, that the prohibition against disclosure being applied to an employee, the corresponding statutory competency of an attorney, who becomes a subscribing witness, to testify to the preparation as well as the execution, likewise includes the subordinates of the attorney.  With this background of judicial authority the Legislature must be presumed to have intended that the word " attorney " in section 354 comprehended in spirit and tenor the assistants mentioned in section 353. (New York Law Review, vol. 2 [1924], p. 13.)   Under this theory it did not become necessary for the Legislature in 1896 to further amend former Code section 836 (now section 354 of the Civil Practice Act) by a recital of the clerical subordinates.

Submit decree on notice admitting the will to probate in accordance with the special verdict of the jury.