In the Matter of the Estate of MARY A. SMITH, also Known as DOLLIE A. SMITH, Deceased.

Surrogate's Court, Putnam County, January 27, 1932.

*John H. Unlandherm* and *Charles Hollender*, for the proponents.

*Carroll Hayes* [*Clark & Davis* and *Alfred M. Bailey* of counsel], for the contestant.

BAILEY, S. This is an application by John F. Simpson, a nephew of the decedent and one of the contestants, for an examination before trial of the proponents and of the legatees named in the last will and testament and the codicils to the last will and testament of the decedent herein.

The authority for such an examination is not found in the Surrogate's Court Act, but is found in section 288 of the Civil Practice Act, authorizing the examination of adverse parties before trial. It has repeatedly been held that the provisions of section 288 of the Civil Practice Act apply to contested probate proceedings.

It has also been repeatedly held that the proponent or proponents and all legatees or devisees are adverse parties within the purview of the provisions of section 288 of the Civil Practice Act, and as such may be examined before trial in a contested probate proceeding. (*Matter of Dooper*, 124 Misc. 411; *Matter of Kimmerle*, 130 id. 767; *Matter of Rothstein*, 133 id. 598.)

The examination is sought as to either fraud or undue influence practiced upon the testatrix but it is contended by the proponents that fraud does not enter into the situation because it is not alleged.

It is frequently difficult to determine where undue influence might cease and fraud commence, and in Words and Phrases Judicially Defined, undue influence is referred to in the following language: " Manifestly, it is a subtle species of fraud, whereby mastery is obtained over the mind of the victim by insidious approaches, seductive artifices; or other species of circumvention." (*Matter of Slinger*, 37 N. W. 236.) And also the following: " Undue influence is a fraud; but fraud may exist without any undue influence. * * * Undue influence need not be attended at all with deception or circumvention." (*Gordon* v. *Burris*, 153 Mo. 223; 54 S. W. 546.)

Under all of the circumstances and particularly because the burden of proof of either fraud or undue influence rests upon the contestants, it is difficult to draw the line and to deprive the contestants of their right to show, if possible, that either fraud or undue influence was practiced upon the testatrix. I also arrive at this conclusion for the reason that the opinions quite generally connect the words " fraud " and " undue influence." (*Matter of Feldstein*, 133 Misc. 255; *Matter of Hone*, 226 App. Div. 715.)

The application for the examination of proponents and the legatees

as to their relationships with the testatrix and their knowledge of the relationships which existed between the legatees and the testatrix, is granted but it is considered that the examination of the legatees and the proponents as to the relationship and friendships which existed between each other is not material. Submit order on notice accordingly.