In the Matter of the Estate of SARAH A. SMITH, Deceased.

Surrogate's Court, Kings County, December 31, 1940.

*Good & Kent* [*Robert J. Mahoney* of counsel], for Anna L. Mallon, petitioner.

*Copans & Kanon* [*D. Daniel Kanon* of counsel], for Alice Scruton, distributee, and for Mary C. Gray, distributee and contestant.

*Raphael V. Grottola,* for the St. Michael's Passionist Monastery, legatee.

*Alfred L. Marilley,* for the Female Institution of the Visitation, legatee.

*Edmond A. Knoeppel,* for The Servants of Relief for Incurable Cancer, legatee.

*Gray & Tomlin,* for the Roman Catholic Diocese of Brooklyn, New York, the Society for the Propagation of the Faith, the Home

for the Aged of the Little Sisters of the Poor, the Nursing Sisters of the Sick Poor, the St. Marys Hospital of the City of Brooklyn, the Brooklyn Home for Blind, Crippled and Defective Children, and The Society of St. Vincent De Paul in the Diocese of Brooklyn, Long Island, New York, legatees.

*John J. Bennett, Jr., Attorney-General,* for the People of the State of New York.

*Thomas J. Snee,* for William V. Elliott, public administrator of Kings county.

*Edward G. Elkins,* special guardian for unknown heirs and next of kin.

Dodd, J., Acting Surrogate.   The legal question which constitutes the crux of the controversy upon this reargument concerns the effect of the giving of a notice of the filing of objections to probate pursuant to the provisions of section 148 of the Surrogate's Court Act.

The pertinent facts are undisputed and are matters of record. On October 7, 1937, a petition was presented for the probate of an alleged will of this decedent, dated July 16, 1937.   This recited the existence as the only necessary parties to the proceeding of three named statutory distributees, namely, Mary G. Gray, Frances Woodend and Alice Scruton; of the Brooklyn Trust Company, a contingent executor, the public administrator and the Attorney-General.   It also disclosed the names and addresses of eleven legatees under the propounded instrument.   In this latter category the name of Anna L. Mallon was included.

On the same date the issuance of a citation was secured against, and subsequently served upon, the hereinbefore named necessary parties with the exception of Brooklyn Trust Company, which had waived.   For some reason not readily apparent, two (and only two) of the enumerated legatees, namely, Carrie Wall and Leila W. Simmons, were named in the citation but they do not appear to have been served.   In any event, Anna L. Mallon was not named in the citation and was not served therewith.   Objections to probate were interposed by Mary G. Gray and Frances Woodend, two of the statutory distributees, but by no one else.   Anna L. Mallon, as noted, was never served with a citation and she never filed a notice of appearance nor answered in the proceeding, either personally or by attorney.

On February 4, 1938, an order framing issues was entered upon notice to the parties who had appeared.   This, obviously, did not include Anna L. Mallon.   On or about February seventh the pro-

ponent filed a petition for the service of a notice of probate as required by section 146 of the Surrogate's Court Act, and of objections filed, under section 148, on the " legatees, devisees and other beneficiaries, as set forth in the petition to probate herein, and who have not appeared herein by Attorney." Among others enumerated in the petition was " Anna L. Mallon." On the same day an order was made " that the Notice of Probate, as required by section 146 of the Surrogate's Court Act, and the Additional Statement to be included in or endorsed thereon, that Objections have been filed to the Probate of such will, as required by section 148 of the Surrogate's Court Act " be served upon the legatees named in the petition, including Anna L. Mallon. Such service was directed to be effected as to certain individuals by personal delivery and as to others, by ordinary mail.

Such notice was served in the manner directed in the order. It read: " Please take notice, that the Last Will and Testament of Sarah A. Smith, deceased, lately residing at No. 711 Ocean Avenue, Brooklyn, N. Y., has been offered for probate, and that the names and post office addresses of the Proponent, and of the legatees, devisees and other beneficiaries, as set forth in the Petition for Probate herein, who have not been cited or have not appeared herein by attorney or waived citation, are as follows:" This is followed by " *Proponent* " with a statement of his identity and address, and by " *Legatees* " followed by an enumeration of ten names and addresses, including those of Anna L. Mallon. The notice then continues " *Additional Statement under* § *148 S. C. A.* Please take further notice, that objections have been filed to the Probate and validity of said Last Will and Testament of Sarah A. Smith, deceased; and that the same will be heard at a Surrogate's Court of the County of Kings, at the Hall of Records, in the Borough of Brooklyn, in said County, City and State of New York, on Monday March 14, 1938, at 9.30 o'clock in the forenoon of that day. Such objections have been filed by Frances Woodend, a first cousin of deceased, whose attorney is * * * of * * * Brooklyn, N. Y., and also by Mary G. Gray, another first cousin of said deceased, whose attorneys are * * * of * * *. This notice is served upon you pursuant to the authority and directions contained in an Order of said Surrogate's Court made on February 7th, 1938." An affidavit of service of this notice upon the several persons enumerated in the petition and order, in the manner directed in the latter, was duly filed. In the case of Anna L. Mallon such service purports to have been effected on February fifteenth.

To digress from the chronological recital of pertinent facts, it should be noted that on or about January 21, 1938, prior to the

service of the notice of probate, an application was made by the contestants for the examination before trial of several of the legatees named in the will, including Anna L. Mallon. This was made returnable on January thirty-first, and was, in part, granted, including the examination of Anna L. Mallon. This examination was subsequently conducted. So far as is disclosed, the foregoing were the sole contacts of Anna L. Mallon with the proceeding for probate of the alleged will of July 16, 1937.

The invalidity of the instrument was determined by a jury in March, 1939, it being rejected on grounds of undue influence and lack of testamentary capacity. The present issue is whether Anna L. Mallon was a party to that proceeding so as to render such determination *res adjudicata* as to her. Obviously, the decision of this question must turn on the purpose and effect of a notice of probate or of filing objections since the mere examination of a person before trial is an equivocal circumstance by reason of the fact that such examinations are frequently permitted in respect of persons who are not parties, but are merely prospective witnesses, in situations in which their interests are closely identified with those of the opponents of the prospective inquisitor. (*McCullough* v. *Auditore*, 216 App. Div. 510, 512; *Mayer* v. *New York Canners, Inc.*, 217 id. 202, 203; *Rosenwasser Bros., Inc.*, v. *Blyn*, 224 id. 864, 865; *Maresi Mazzetti Corp.* v. *Blank*, 231 id. 737, 738.)

The present issue is, in essence, one of whether the court in the former proceeding obtained personal jurisdiction over Anna L. Mallon. This variety of jurisdiction is not to be confused with its jurisdiction *in rem* to determine the validity of the will which was the subject-matter of the proceeding. It unquestionably possessed the latter variety of jurisdiction by reason of the fact that the decedent was a resident of Kings county and the *rem* of the will had been presented to it for judicial evaluation. It could, accordingly, make a determination respecting the statutory validity of this instrument which would effectively determine as to all persons made parties to the proceeding the question of whether or not it complied with the statutory description of an instrument effective for dispositive purposes.

The only necessary parties to such a proceeding were those whose rights would be impaired by a determination of the effectiveness of the document. A person whose claim to participation in the estate would arise only by reason of a gift under the propounded instrument is not a necessary party although, by reason of his identity of interest with the proponent, he would be a proper party if he saw fit to join the proceeding and support the contentions of the proponent. This, however, is the sole action which

would be permissible to him, since the adoption of a position opposing probate will not be allowed. (*Matter of Davis*, 182 N. Y. 468, 472; *Matter of Hoyt*, 55 Misc. 159, 161; affd., 122 App. Div. 914; affd., 192 N. Y. 538; *Matter of Nelson*, 89 Misc. 25, 29; *Matter of O'Keefe*, 135 id. 394, 396.) In a probate proceeding, therefore, the proponent acts substantially in a representative capacity on behalf of all whose status as distributees would be established only if the validity of the document were determined.

The general jurisdiction of the court over the *rem* of the will obviously does not imply that it has jurisdiction in *personam* over any individual interested in sustaining or defeating its probate other than the petitioner. For the acquisition of such personal jurisdiction, compliance must be demonstrated with the provisions of section 41 of the Surrogate's Court Act, which, so far as presently pertinent, embraces only " parties who have been duly cited."

It is elementary under the Fourteenth Amendment to the United States Constitution and section 6 of article 1 of the Constitution of the State of New York that no person may be bound by a judicial direction unless he has been served with process. In section 52 of the Surrogate's Court Act the processes of the Surrogate's Court are enumerated as follows: " The process of the Surrogate's Court. shall be a citation to show cause, an order to show cause, and such other process and mandate as the surrogate is or shall be authorized by law to issue and employ in the performance of the duties imposed on him and in the enforcing of his orders and decrees. A citation or other mandate of a Surrogate's Court must, except where it is otherwise spécially prescribed by law, be made returnable before the Surrogate's Court from which it was issued, and may be served or executed in any county."

The question thereupon arises as to whether a " *notice* of probate " under section 146 of the Surrogate's Court Act or a " *notice* to legatees and devisees of objections filed " under section 148, comes within this description. Obviously it is not a citation or an order to show cause since it does not call upon the person to whom it is given to " show cause " or take any other affirmative action whatsoever. Equally, obviously, it is not à " mandate " since such nomenclature is universally accorded the connotation of a command to do or refrain from doing some specified act. (Gen. Constr. Law, § 28-a; Universal Dict.; *Seaman* v. *Clarke*, 60 App. Div. 416, 421.)

The only remaining item of the statutory description is that of " other process." New York definitions of " process " are few (see *Ackermann* v. *Berriman*, 61 Misc. 165, 168; *Matter of Bemis*, 116 id. 516, 519), but these are in agreement with the conception which is apparently accepted in all other jurisdictions that to constitute a " process " in court procedure, it is essential that the

document or writ in question must contain a direction or demand that the person to whom it is directed shall perform or refrain from the doing of some described act. (*Stevens* v. *Associated Mortgage Co. of New Jersey*, 107 N. J. Eq. 297; 152 A. 461, 462; affd., 110 N. J. Eq. 70; *Hall* v. *Young L. G. Harris College*, 38 Ga. App. 662; 145 S. E. 96; *Sanders* v. *Hinton*, 171 Ga. 702; 156 S. E. 812, 816; *Gondas* v. *Gondas*, 99 N. J. Eq. 473; 134 A. 615, 618; *Watson* v. *Keystone Ironworks Co.*, 70 Kan. 43; 74 P. 269, 273; *Fitzpatrick* v. *City of New Orleans*, 27 La. Ann. 457.) A mere notice which contains no such positive direction does not constitute "process." (*Leas & McVitty* v. *Merriman*, 132 Fed. 510, 513; *Schroeder* v. *District Court*, 213 Iowa, 814; 239 N. W. 806, 807; *Bearhead* v. *American Investing Co.*, 157 Okla. 84; 10 P. [2d] 1086, 1088; *Scott* v. *Price Bros. Co.*, 207 Iowa, 191; 217 N. W. 75, 79; *Fiehe* v. *R. E. Householder Co.*, 98 Fla. 627; 125 So. 2, 12; *People ex rel. Letters* v. *Lee*, 72 Col. 598; 213 P. 583, 586; *State ex rel. Chelan Elec. Co.* v. *Superior Court*, 142 Wash. 270; 253 P. 115, 119; *Sturges & Burn Mfg. Co.* v. *Unit Const. Co.*, 207 Ill. App. 74, 79.) Quite aside from this universally accepted definition of "process" in a situation of the present variety, a like interpretation of section 52 of the Surrogate's Court Act would appear independently inevitable on the language of the section itself by application of the principle *noscitur a sociis.*

The notice of probate, or of contest, required under sections 146 and 148 of the Surrogate's Court Act does not fall within this description. It does not direct or require the performance of, or abstention from, any act by the addressee. It is merely what the titles of the sections imply, a notification that a proceeding in which the person notified is potentially interested is pending. Its purpose is identical with the similar notices under section 121-a of the Surrogate's Court Act of application for intestate administration and under the rules of most courts to foreign consuls in respect of estates in which their nationals are interested. It gives the persons notified the opportunity, if they so elect, to intervene and make themselves parties to the proceeding, but if they fail to do so, the court cannot be deemed to have acquired jurisdiction over them and they do not become parties to the record. The contrary dictum by a former surrogate of Orange county in *Matter of Vail* (120 Misc. 430, 432) was quite unnecessary for the result attained by him, as hereinbefore noted, and was obviously not a carefully considered statement.

The final consideration, if anything further were needed, demonstrating that the Legislature did not intend that these notices should be in the nature of processes, appears from the specifications respecting their service. The manner of service of any genuine

process of the Surrogate's Court is regulated with great particularity and detail in ten sections of the Surrogate's Court Act from 55 to 62, inclusive. The giving of the notices contemplated in section 148 is required to be only " in such manner and within such time as the surrogate shall direct," and it is customary and familiar practice that in perhaps a majority of situations, the direction actually made is merely one for ordinary mailing to the post office address indicated as being that of the legatee or devisee in question. It is inconceivable that the Legislature would have made an enactment capable of such casual treatment if it had contemplated that the giving of such a notice should have the effect of conferring jurisdiction upon the court over the person notified.

It is accordingly the opinion of the court that the mere giving of this notice to Anna L. Mallon in the present case did not confer jurisdiction over her and that consequently, since she did not actively intervene in the proceeding, the determination made therein did not become *res adjudicata* as to her. (*Davis* v. *Cleveland, C., C. & St. L. R. Co.*, 217 U. S. 157; *Big Vein Coal Co.* v. *Read*, 229 id. 31; *Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, 587; *People ex rel. Republican & Journal Co.* v. *Lazansky*, 208 id. 435, 437; *Matter of Killan*, 172 id. 547, 556; *Matter of Eakins*, 170 Misc. 59, 64.)

This is even more than ordinarily evident in the present situation, since in the former proceeding (175 Misc. 545) Anna L. Mallon was given notice of contest only in her individual capacity as a legatee under the 1937 will. In the instant proceeding she is petitioning as the executrix, named as such, in a document dated September 6, 1928. It has repeatedly been determined that a person in an official capacity possesses a distinct and separate identity from that which he occupies in his individual capacity and that a judgment in one capacity does not bind him in the other (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467; *Collins* v. *Hydorn*, 135 id. 320, 324, 325; *Leonard* v. *Pierce*, 182 id. 431, 432; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296, 297; *Opdyke* v. *Marble*, 44 Barb. 64, 68; *Matter of Sullivan*, 169 Misc. 16, 17; affd., 255 App. Div. 1008; *Matter of Ebbets*, 149 Misc. 260, 267; *Matter of Gourlay*, 173 id. 930, 932), with the result that even though the former decree were *res adjudicata* against her in her individual capacity, it could not be deemed conclusive against her in the fiduciary capacity in which she has instituted the present proceeding.

For the reasons stated, the motion for reargument is granted, and on such reargument the application for an alteration of the result previously attained will be denied, with costs.

Enter order on notice in conformity herewith.