In the Matter of the Probate of the Will of JOHN E. GEHLERT, Deceased.

WESLEY A. MESSERSMITH, Proponent; WILHELMINA H. GEHLERT, Contestant.

Surrogate's Court, Westchester County, October 30, 1942.

*McInnes & Gamble* for proponent.

*Alexander A. Forman, 3rd,* for contestant.

MILLARD, S. In this contested probate proceeding, proponent moves to vacate a notice of examination before trial and a subpœna served in connection therewith upon a legatee.

The facts are undisputed and are for the most part matters of record. The probate petition was filed in this office on July 7, 1942. It is stated therein that the decedent was survived by

his wife, the contestant herein, and his mother as his sole distributees. The mother executed and caused to be filed a waiver in the usual form and consent to the probate of the propounded instrument. The objections interposed by the widow charge, among other things, that the propounded instrument is the result of fraud or undue influence exercised upon the testator by one Freda Schafrick, the legatee in question, or some other person or persons acting in concert or privity with her. Under date of July 27, 1942, an order of this court was made framing the issues raised by the pleadings for trial by jury. Thereafter and on September 9, 1942, and pursuant to the provisions of section 148 of the Surrogate's Court Act, an order was made directing that notice of the filing of said objections be served upon the aforementioned legatee. It is conceded that she was duly served with such notice in the manner fixed by the order, but to date she has failed to appear or take any part in the pending litigation. It is apparent from the foregoing and it will be assumed, that the legatee sought to be examined is not a distributee of the decedent and has not been served with citation. Under such circumstances the question presented for determination is whether the legatee is a " party " within the purview of section 288 *et seq*. of the Civil Practice Act.

There seems to be some diversity of opinion on this question in the lower courts and it has not been squarely presented in the upper courts. The prevailing opinion in the lower courts favors granting requests for such examinations. (*Matter of Vail*, 120 Misc. Rep. 430; *Matter of Dooper*, 124 Misc. Rep. 411; *Matter of Kimmerle*, 130 Misc. Rep. 767; *Matter of Smith*, 142 Misc. Rep. 583.) Under almost identical circumstances in *Matter of Vail* (*supra*), Surrogate Smith of Orange county stated at page 432: " In my opinion, a legatee or devisee who has not been cited and who has not appeared but who has been served with notice of filing of objections and trial pursuant to section 148 of the Surrogate's Court Act thereupon becomes a party to the proceeding and may be examined pursuant to sections 288 and 290 of the Civil Practice Act in a proper case. *People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84."

In *Matter of Dooper* (*supra*), and *Matter of Kimmerle* (*supra*), both decided by the late Surrogate Schulz of Bronx county, *Matter of Vail* (*supra*) was followed without comment. Surrogate Bailey of Putnam county reached a similar conclusion in *Matter of Smith* (*supra*), citing as authority *Matter of Dooper* (*supra*) and *Matter of Kimmerle* (*supra*). The only

authorities in the lower courts to the contrary, that have been brought to my attention, are *Matter of Rubin* (161 Misc. Rep. 374) and *Matter of Smith* (175 Misc. Rep. 688). In holding that a legatee, who is not a distributee, cannot be deemed a party to a contested probate proceeding within the purview of section 288 of the Civil Practice Act, Justice Dodd in *Matter of Smith* (175 Misc. Rep. 688), placed great reliance upon the definition of the word " process." In a well-considered opinion Justice Dodd concludes that under the General Construction Law, section 28-a (Cons. Laws, ch. 22), and the generally accepted definition of the word " process," the notice served upon a legatee in accordance with section 148 of the Surrogate's Court Act, is not a process of the court and therefore the service thereof upon a legatee does not confer jurisdiction *in personam* over legatees so served. Reliance was also based upon the provisions of section 52 of the Surrogate's Court Act which enumerates the processes of the Surrogate's Court. While conceding the correctness of the conclusion therein reached generally, I cannot agree that the principles therein enunciated are applicable to the case at bar. Section 52 of the Surrogate's Court Act, states that the process in the Surrogate's Court " shall be a citation to show cause, an order to show cause, and *such other process and mandate as the surrogate is or shall be authorized by law to issue and employ in the performance of the duties imposed on him* * * *." (Italics mine.) In conformity with this general statutory authority section 148 provides that the notice of the filing of objections shall be served upon legatees and devisees who have not appeared, " in such manner and within such time as the surrogate shall direct." The section further provides that " proof of due service of such notice shall be made and filed in the surrogate's office, and any decree in the proceeding shall not affect the right or interest of any such person unless he shall have been so notified." The provisions of said section as they now read are substantially the same as were formerly contained in section 2617 of the Code of Civil Procedure, as amended by the Laws of 1894, chapter 118, and later section 2618 of the Code of Civil Procedure, as added by the Laws of 1914, chapter 443, in effect September 1, 1914. The last amendment to this section was made by the Laws of 1922 (ch. 653, in effect April 13) which changed the wording of the section in some respects but did not change the substance of the provisions. The language of the statute is clear that a decree denying probate is not binding upon a legatee or devisee or other beneficiary under the will who has not been cited or

who has not appeared and who has not been served with the statutory notice. The converse of this must also be true that a legatee or devisee duly notified in accordance with an order of the Surrogate is bound by the decree whether he appears or not. In addition to informing the legatee of the filing of objections and the date of trial, the legal effect of the notice is to advise such legatee that the validity of the instrument under and pursuant to which he or she may receive a legacy is challenged and that a determination of that issue will be made by the Surrogate and a jury. Said legatee may, if so advised, appear by counsel and aid in sustaining the will, but if she fails to do so her rights nevertheless will be adjudicated and she will be bound thereby. Since such legatee is bound by the adjudication in the proceeding, she must be deemed a party to it. This conclusion is supported by the decision in *Matter of O'Melia* (213 App. Div. 387). In that case a direction was made that two minor legatees who were not distributees be served with the statutory notice, pursuant to section 148. The court then added, " Special guardians will be appointed for them. (Surrogate's Court Act, § 64.) The issues will be tried as provided by law. The adjudication thereon will be conclusive upon all parties interested so far as appears from the record. (Surrogate's Court Act, § 80; *Wadsworth* v. *Hinchcliff*, 218 N. Y. 589.) " In making this direction as to the necessity of appointment of special guardians, it is apparent that the court considered the minor legatees parties to the proceeding. Furthermore, it is to be noted that the legatee sought to be examined will receive two-thirds of the estate if the will is established and is the only person charged with exercising undue influence. Under such circumstances particularly I do not feel bound to follow the holdings in *Nixon* v. *Beacon Transportation Corp.* (239 App. Div. 830), and *Kozuch* v. *Bachmann* (244 App. Div. 250).

I therefore conclude that the effect of serving the statutory notice upon the legatee Freda Schafrick was to make her a party to the proceeding within the purview of section 288, Civil Practice Act, and as such a proper person to be examined before trial. The motion to vacate the notice of examination and the supbœna is, therefore, denied. The examination will, however, be limited to the issue of undue influence or fraud, and will proceed at a time and place to be fixed in the order to be made herein.