John D. Bekkett, S.
Motion has been made by the contestant in this probate proceeding for an examination before trial of the proponent, W. Clifford Roderick, and a legatee, Annie E. Roderick, under the propounded instrument.
The fact that the proponent has already been examined under section 141 of the Surrogate’s Court Act is no bar to his examination under section 288 of the Civil Practice Act (Matter of Ferris, 193 Misc. 1044; Matter of Levine, 15 Misc 2d 281 ; Matter of Eckman, N. Y. L. J., Sept. 4, 1959, p. 9, col. 1). Accordingly an examination of the proponent, at a time and place to be fixed in the order to be signed hereon, is granted as to the items requested in the notice of motion.
While it is clear that legatees and devisees are examinable as adverse parties (Matter of Gehlert, 179 Misc. 193; Matter of Dooper, 124 Misc. 411; Matter of Vail, 120 Misc. 430), in all of these cases it appeared that the legatees or devisees had been served with a notice of filing of objections pursuant to section 148 of the Surrogate’s Court Act. No such notice has yet been served on the legatee here sought to be examined.
*1100 An examination of the legatee as a witness residing more than 100 miles from the place of trial would require her examination in the county in which she resides, or where she has an office for the regular transaction of business, in the absence of a stipulation to the contrary (Civ. Prac. Act, § 300).
In any event, as the moving papers were not served upon the legatee who has not appeared by counsel, she has not been given an opportunity to be heard on this application as required (Civ. Prac. Act, § 292; Matter of Van Bibber, 96 N. Y. S. 2d 235). Consequently the motion is dismissed as against her, without prejudice to a renewal at the proper time and upon receipt of proper papers in accordance with this decision.
Settle order on five days’ notice.