Raymond 0. Baratta, J.
In this contested probate proceeding, proponent moves to quash the subpoenae ad testificandum *906 served upon nonparty witnesses, vacating a notice of examination before trial served upon the same nonparty witnesses and denying contestant the right to depose such nonparty witnesses upon oral questions pursuant to the subpoenae and the disclosure notice.
The probate petition was filed in the Surrogate’s Court on May 31, 1973. It is stated therein that the decedent, was survived by his wife, the contestant herein, and two children, both under the age of 14, as his sole distributees. On June 18, 1973, the return date for the citation on probate, decedent’s widow, Patricia A. Holden, appeared by counsel, and a guardian ad litem was appointed by the court to appear for the infant distributees. Subsequently, >on June 27,1973, counsel for the contestant served and filed written objections to the probate of the codicil as well as a formal demand to examine the attesting witnesses.
The decedent had executed á purported will on January 1, 1972, and on May 12, 1973, decedent executed a purported first codicil to the will of January 1, 1972. Contestant objects to probate of the first codicil to the said decedent’s last will and testament upon the grounds, first that the said instrument is not a codicil to the last will and testament; secondly, that the codicil offered for probate was not duly executed as required by law; third, that the decedent was not competent to make a will at the time he is purported to have executed the first codicil; and fourth, that the first codicil was not freely and voluntarily executed by the decedent and was procured by fraud and undue influence. The objections to probate were served only upon the proponent and the guardian named for the infant distributees. By its terms the will of the decedent leaves his entire residuary estate to his wife in the event that she survived him; left his entire residuary estate to his two children in trust in the event his wife predeceased him; appointed a guardian and substitute guardians for his children; appointed his wife executrix under his will; and, designated the Marine Midland Bank of Southeastern New York, N. A. as substitute executor in the event the said wife predeceased the decedent and as trustee of the testamentary trust for the children.
The first codicil modified the terms and provisions of this will to the extent that the decedent bequeathed certain stock owned by him at the time of his death to one, Rut Elisabeth Gunhilde Helen Jansson, and further modified the terms and provisions of his will by revoking the appointment of his wife as executrix and appointing the Marine Midland Bank of Southeastern New York, N. A. as the executor of his last will and testament.
*907 On August 6, 1973, object ant examined the witnesses to the codicil. Subsequently, objectant’s counsel served proponent with notice to examine decedent’s parents, as nonparty witnesses; and further these same nonparty witnesses were each served with subpoenae directing’ each of them to appear for pretrial examination on oral questions on the same date stated on the notice served upon proponent. It is this subpoena that proponent wants to quash and this disclosure notice that proponent wants vacated.
Unlike the jurisdictional notice afforded by a probate citation, a notice of objections under SCPA 1411 must be served on those whose interest in the estate arise under the terms of the mil offered. They are not initially made parties to the proceeding as the relief originally requested by a proponent protects and advances their interest in the estate. If no will contest results, they are only entitled to notice of the probate under SCPA 1409.
All of this changes with the filing of objections. As a beneficiary’s interest under the will is challenged by the contest, he or she must be given an opportunity to appear and assist in sustaining the will. (Matter of Gehlert, 179 Misc. 193.) Until served with a notice of the filing of objections, Ms or her interest in the estate may not be adversely affected and he or she will not be bound by a decree denying probate.
Therefore, whether it is contestant’s intention, through the testimony of the parents of the deceased, to attack the will on the grounds of lack of due execution, decedent’s lack of testamentary capacity or that the codicil was procured by the fraud and undue influence of the legatee, the rights and interests of the legatee would be affected. Subdivision 5 of SCPA 1411 provides that no decree entered in the proceeding shall affect the right or interest of any person named in the notice who has not been served. To continue with the proceeding without serving the legatee would result in that legatee not being bound by any decree denying the probate of the codicil.
Since the thrust of the contest is to negate the bequest under the codicil to But Elisabeth Ghinhilde Helen Jansson, she should be advised thereof, so that she may come in and support the will.
It is the decision of this court that any examination and any further proceedings in this matter be stayed until such time as the legatee has been served with the notice of objections under SCPA 1411 and has had an opportunity to appear and assist in sustaining the codicil. (Uniform Surrogate’s Court Rules, 2d Judicial Dept., § 1830.16, subd. [c]; 22 NYCRR 1830.16 [c].)
The stay as above indicated will be for a period of 30 days *908 from the time proof of service of the notice of objections on the legatee has been filed with this court.
While it is the proponent’s responsibility to give the notice, the objecting party should determine to her own satisfaction whether it has been properly served. Therefore, the real burden is placed upon the objecting party, for although her objections may be sustained, the resulting decree will not foreclose the interests of those persons who are not served.
In view of this, it is the court’s decision that the objectant present a petition for and procure an order directing service of notice of objections filed within five days of the date of this order. (Uniform Surrogate’s Court Rules, 2d Judicial Dept., § 1830.16, subd. [b]; 22 NYCRR 1830.16 [b].)