Per Curiam.

This controversy arose out of the breakdown of the relationship between the plaintiffs (Studley) and the defendants (Lefrak) in connection with two real estate brokerage agreements. In March, 1968, Studley, duly licensed real estate brokers, entered into two written agreements with Lefrak under which they were to act as the exclusive renting agents for two commercial buildings about to be constructed by Lefrak. Pursuant to the terms of the two contracts, each agreement was to continue in effect until six months after the completion date of the individual building to which it applied. Each agreement also provided that Lefrak had the right to cancel the agreement at any time after one year from the commencement of construction of the building upon giving Studley 30 days written notice of their intention to do so.
The parties became embroiled in a dispute shortly after the execution of these agreements, culminating when Lefrak, through a series of letters in June, 1968, notified Studley that both agreements were being terminated. Lefrak’s asserted basis for the termination was that Studley had become involved in a conflict of interest by reason of an employment relationship they had entered into with another party. Studley thereafter commenced an action against Lefrak for breach of the two brokerage agreements.
On February 10, 1969, Lefrak filed what the plaintiffs have styled "a false and malicious affidavit” with the Department of State charging Studley with unethical conduct and a breach of fiduciary duty, and requested that the Department of State take whatever action it deemed appropriate. On February 19, 1969, the department commenced a license revocation proceeding against Studley (Real Property Law, § 441-c).[1] The *883 filing of the Lefrak affidavit and an alleged subsequent offer by Lefrak to withdraw the affidavit and claim of impropriety in settlement of the outstanding contract action form the basis of the plaintiffs’ fifth and sixth causes of action sounding in libel and abuse of process.
Noting the contract provisions allowing them to cancel the brokerage agreements one year after the commencement of construction, Lefrak moved for partial summary judgment or, in the alternative, to limit the issues for trial with respect to Studley’s first and fourth causes of action, seeking to limit the relevant damage periods to be considered in the event Studley was able to make out a case for breach. Lefrak also moved for summary judgment in connection with the tort causes of action. Special Term denied the motions in all respects. The Appellate Division affirmed the lower court’s determination in connection with the contract claims, but modified the lower court’s order by granting summary judgment on the fifth and sixth causes of action. Having so held, that court granted Lefrak leave to appeal from its determination in connection with the contract claims[2] and certified the following question: "Was the order of this court dated December 15, 1975, properly made?”
Turning first to the denial of partial summary judgment or the limitation of the issues to be tried, the order of the Appellate Division should be affirmed for the reasons stated in the opinion of Mr. Justice Margett. Since the measure of damages suffered by Studley would be greatly dependent on their degree of success as the exclusive rental agent for the premises, and since that in turn may have had some bearing on any ultimate decision to terminate the agreements when Lefrak could do so without breaching the agreements, it was proper to reserve this factual issue for determination at trial.
We next consider the Appellate Division order granting Lefrak summary judgment with respect to the tort claims. The tort of abuse of process has recently come under scrutiny by this court in Board of Educ. v Farmingdale Classroom Teachers Assn. (38 NY2d 397). In that case (at p 403) we set forth the three essential elements of the cause of action: "First, there must be regularly issued process, civil or criminal, compelling the performance or forebearance of some *884 prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification. * * * Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process.”
In the case now before us, the so-called "process” consisted of an affidavit sent by Lefrak to the Department of State alleging misdeeds by Studley and merely requesting that the department take whatever steps it deemed appropriate. This affidavit cannot be regarded as process for it is not a "■ 'direction or demand that the person to whom it is directed * * * perform or refrain from the doing of some prescribed act’ ” (Williams v Williams, 23 NY2d 592, 596, quoting Matter of Smith, 175 Misc 688, 692-693). Since here there was no unlawful interference with Studley’s person or property pursuant to regularly issued process, a cause of action for its abuse does not lie.
Finally we would note that on this appeal Studley does not challenge the decision below with respect to the claims grounded in libel. That issue not being before us, we express neither approval nor disapproval of the Appellate Division determination.
Accordingly, the order of the Appellate Division should in all respects be affirmed and the certified question answered in the affirmative.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs. Question certified answered in the affirmative.

. We note in passing that the hearing examiner in the license revocation proceeding initially upheld two of the three charges leveled against the plaintiffs. His determination was subsequently vacated by the Secretary of State, however, because of various irregularities in the manner in which the hearing was conducted and ordered that the proceedings be held in abeyance pending the termination of this litigation.

. Studley has appealed to this court as of right with respect to the Appellate Division modification granting Lefrak’s motion for summary judgment on the causes of action sounding in tort (CPLR 5601, subd [a], par [iii]).